FRANK V. R. STILLMAN, Appellant, *v.* CITY OF OLEAN,
Respondent.

Streets — dedication and acceptance — when filing of map
showing a certain street is not a sufficient dedication thereof
as a public street.

Effect of filing a map of the *locus in quo* and of a reference thereto
in a village charter and in certain conveyances and of a resolution of
the common council directing action by the superintendent of
streets, considered, and *held*, not sufficient to constitute a public
street by dedication and acceptance where there had been no pro-
ceeding or user for that purpose.

*Stillman* v. *City of Olean*, 148 App. Div. 936, reversed.

(Argued January 13, 1914; decided February 3, 1914.)

APPEAL from a judgment of the Appellate Division of
the Supreme Court in the fourth judicial department,
entered February 6, 1912, affirming a judgment in favor
of defendant entered upon a dismissal of the complaint
by the court on trial at Special Term.

The nature of the action and the facts, so far as mate-
rial, are stated in the opinion.

*Dana L. Jewell* for appellant. The findings of fact
do not warrant the conclusion of law that the plaintiff's
land had been dedicated and accepted as a public street.
(*Holdane* v. *Cold Spring*, 21 N. Y. 474; *N. Y. C. & H.
R. R. R. Co.* v. *Ossining*, 141 App. Div. 765; *Niagara
Falls* v. *Bachman*, 66 N. Y. 261; *People* v. *Kellogg*, 67
Hun, 546; *City of Buffalo* v. *D., L. & W. R. R. Co.*,
190 N. Y. 84; *Jacobson* v. *B. L. Co.*, 184 N. Y. 152;
*Ludlow* v. *City of Oswego*, 25 Hun, 260; *People* v. *N.
Y. C. & H. R. R. R. Co.*, 69 Hun, 166; *N. Y. C. & H.
R. R. R. Co.* v. *City of Buffalo*, 200 N. Y. 113; *City of
Cohoes* v. *D. & H. Co.*, 134 N. Y. 397.) There is no
evidence in the case to warrant a finding of dedication
and acceptance. (*Bissell* v. *N. Y. C. & H. R. R. R. Co.*,

23 N. Y. 62; *N. Y. Steam Co.* v. *Stern,* 46 Hun, 206; *Matter of Eleventh Ave.,* 81 N. Y. 437; *Village of Olean* v. *Steyner,* 135 N. Y. 341; *White's Bank of Buffalo* v. *Nichols,* 64 N. Y. 66; *Matter of Seventeenth St.,* 1 Wend. 262; *Matter of Lewis St.,* 2 Wend. 472; *French* v. *Carhart,* 1 N. Y. 96; *Flack* v. *Green Island,* 122 N. Y. 107.)

*Henry Donnelly* for respondent.   The fact that plaintiff must admit that the territory referred to in his complaint is a part of a street, as indicated on the Gosseline map, casts the burden upon him to show that he has a right to retain that portion of the street which he claims the defendant has no right to open up for public use. (*Welch* v. *Taylor,* 134 N. Y. 450.)   Where land is sold according to a map on file and sold by blocks, or streets, or number of the lots, that is a dedication according to the map, and those buying lots thereby take a private easement in the same, and as a matter of right are entitled to have the street continually opened for public travel.   (*Lord* v. *Atkins,* 138 N. Y. 184; *Haight* v. *Littlefield,* 147 N. Y. 338.)   The recognition of the Gosseline map and making it a part of the conveyance clearly indicates that it was intended by all parties that the strip of land was·set apart for a street, awaiting only the public authorities' action to make it a public street. The public authorities had a right to accept it at any time.   (*Vil. of Olean* v. *Steyner,* 135 N. Y. 345; *White's Bank* v. *Nichols,* 64 N. Y. 73; *Matter of Seventeenth Street,* 1 Wend. 262; *Opening of Furnham Street, Brooklyn,* 17 Wend. 649; *Matter of Twenty-ninth Street, New York,* 1 Hill, 189; *Smyles* v. *Hastings,* 22 N. Y. 217; *People* v. *Common Council, etc., of Gloversville,* 112 N. Y. Supp. 390; *Bridges* v. *Wyckoff,* 67 N. Y. 130; *Bissell* v. *N. Y. C. R. R. Co.,* 23 N. Y. 61.)

MILLER, J.   On September 1st, 1910, the common council of the city of Olean adopted a resolution to open

Thirteenth street from Henley street to Irving street, a distance of one block, and directing the superintendent of streets to require the removal of all obstructions. The plaintiff, claiming to be the owner of premises lying wholly within said alleged street on which for more than twenty years there has been a substantial dwelling house, brought this action to enjoin further proceedings under said resolution. The decision of the Appellate Division was not unanimous and the facts are undisputed.

It is difficult to show how the title to the *locus in quo* has been affected by the various grants in the different chains of title without anticipating questions respecting private easements which may yet arise between the plaintiff and other parties. I shall content myself, therefore, with a statement in somewhat general terms of our reasons for holding that the learned trial court erred in the conclusions of law which led to the judgment appealed from.

There is no pretense that any proceedings have ever been taken to open Thirteenth street between Henley and Irving streets, or that the *locus in quo* has ever been used as a street or even a private way. The court found that it had been dedicated to the public as a public street, *first*, by the filing in the Cattaraugus county clerk's office in 1836 of the Gosseline map, and, *second*, by subsequent conveyances with reference to said map and that there had been an acceptance by the public, *first*, by the reference to said map in the act incorporating the village of Olean (L. 1858, ch. 70), and, *second*, by the resolution of the common council which was the cause of this suit.

There is no evidence to show by whom, when or for what purpose the Gosseline map was filed and, hence, nothing to justify a finding that there was any intention of the owner to dedicate to the public the lands delineated on it as streets. The description of the territory affected by the act of 1858 (Ch. 70) began thus: "Beginning at the north bank of the Alleghany river, at the south end

of Fifteenth street, as described on a map of the village of Olean, made by T. J. Gosseline." Surely such a reference to a private map merely for the purpose of locating a starting point did not obligate the village for every street delineated on it. The language in the deeds in the plaintiff's chain of title, "described on a map of said village made by T. J. Gosseline, Esq.," has but little if any greater significance.

The chains of title of the plaintiff and those claiming easements in his premises go back to the deed made to Rufus L. Whitney in 1851 of all of Thirteenth street, as delineated on said map, and the land on both sides of it. The description in that deed is by courses and distances, and Thirteenth street is not mentioned, nor is it referred to in any of the deeds in the plaintiff's chain of title. No conveyances were made by any of his grantors subsequent to 1851 of lots or parcels as bounded by or on Thirteenth street, either by express words or by reference to said map, as was the case in *Matter of Village of Olean* v. *Steyner* (135 N. Y. 341). None of the deeds in his chain of title recognized the existence of Thirteenth street or of public or private easements therein, and, as already stated, no actual street or even private way was ever opened or used, but on the contrary substantial buildings were erected within the lines of the alleged street as delineated on the map.

We, therefore, conclude that it was error to hold that the *locus in quo* had become a public street by irrevocable dedication and acceptance.

The judgments of the Appellate Division and of the Special Term should be reversed and a new trial granted, with costs to abide the final award of costs.

WILLARD BARTLETT, Ch. J., WERNER, HISCOCK, CHASE, COLLIN and CUDDEBACK, JJ., concur.

Judgments reversed, etc.