### BEILMAN et al. v. UNITED SURETY CO.

(Supreme Court, Appellate Division, Second Department. April 9, 1915.)

1. EQUITY ☜23—JURISDICTION—BREACH OF CONTRACT—REMOVAL OF SUBJECT-MATTER—INJUNCTION.

The power to adjudge a breach of contract and free one party from going on further under it, with an injunction against removal of the subject-matter of the controversy from the state, rests in equity.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 63–68; Dec. Dig. ☜23.]

2. APPEAL AND ERROR ☜184—REFERENCE—OBJECTION—WAIVER.

Where defendant had consented to refer all the issues, and had not raised the point before the referee, it could not complain for the first time, on appeal from a judgment for plaintiffs on the referee's report, that plaintiffs' remedy was at law, triable only by a jury.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1149, 1150, 1179–1183; Dec. Dig. ☜184.]

Appeal from Special Term, Kings County.

Action by John Beilman and others against the United Surety Company. From a judgment for plaintiffs on report of referee, defendant appeals. Affirmed.

Argued before JENKS, P. J., and BURR, CARR, RICH, and PUTNAM, JJ.

Edwin Blumenstiel, of New York City, for appellant.

R. M. Cahoone, of Brooklyn, for respondents.

PER CURIAM. No sufficient ground appears to reject the findings made by the learned referee, who saw and heard the conflicting witnesses. We now have no such opportunity as he had to weigh their credibility and to find on which side was the truth.

[1] Furthermore, the natural probabilities seem to favor the plaintiffs, especially on the issue as to which party should bear defendant's share of the administrative expenses to be incurred by the reinsurance

---

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

committee. Neither can defendant now defeat recovery on the ground that this was not a suit in equity, because plaintiffs had a remedy at law. The relief sought was that the court should pronounce and declare broken a subsisting contract, and enjoin paying over certain moneys subject to plaintiffs' claims. This power to adjudge such a breach, and to free one party from going on further under the contract, with an injunction against removal of the funds from the state, rests in equity. 16 Cyc. 102. That, after suit had been begun and injunction issued, the parties themselves by mutual stipulation terminated the contract, did not detract from the original character of the suit.

[2] After consenting to refer all the issues, and without raising such a point before the referee, defendant cannot now be heard to say that plaintiffs' remedy was at law, triable only by a jury.

Judgment is therefore affirmed, with costs.