FRANK V. R. STILLMAN, Respondent, *v.* CITY OF OLEAN, Appellant.

Fourth Department, July 2, 1918.

Real property — municipal corporations — suit to restrain city from opening public street through plaintiff's lands — nominal damages where plaintiff has only naked fee subject to private easements — injunctions — when rights of condemnation may be adjudicated in suit in equity — costs.

Where lands are burdened with a private right of way in the nature of an easement, coextensive with the bounds of a proposed city street, so that the owner has only a naked fee, he is entitled only to nominal damages when the lands are subjected to the additional use as a public street.

A court of equity is not required to issue an injunction to protect a mere technical right.

Although a city in attempting to open a public street acted upon the petition of persons having private rights of way over the same, it had no right to subject the lands to the further burden of a public street without making compensation to the owner.

Where the owner of a naked fee in such lands sues in equity to enjoin the the city from entering upon said premises to open them as a public highway the respective rights of the parties may be adjudicated in said suit and provisions may be made for acquiring the lands without resorting to condemnation proceedings.

Certain findings disapproved and reversed.

*Held,* that the plaintiff is entitled to costs, unless the defendant pay nominal damages with the costs of the action, including the costs of an appeal.

FOOTE and HUBBS, JJ., dissented, with memorandum.

APPEAL by the defendant, the City of Olean, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Cattaraugus on the 6th day of December, 1916, upon the decision of the court after a trial at the Cattaraugus Special Term.

The judgment perpetually enjoined the defendant from entering upon plaintiff's premises therein described for the purpose of throwing the same open for use as a public highway and from trespassing thereon and from interfering with plaintiff's use and enjoyment of said premises, except in pursuance of lawful proceedings to acquire plaintiff's property for public use and to determine the compensation to be made therefor.

*George A. Larkin* and *Allen J. Hastings*, for the appellant.

*Creighton S. Andrews*, for the respondent.

PER CURIAM:

The judgment should be modified. We hold:

1. The *locus in quo* is not a public highway. (210 N. Y. 168.) But plaintiff's premises are burdened with a private right of way in the nature of an easement, coextensive with the bounds of Thirteenth street as delineated on the Gosseline map; that the plaintiff has only the naked fee and is entitled to only nominal damages for subjecting such lands to the additional use of a public street. (*Matter of Village of Olean* v. *Steyner*, 135 N. Y. 345; *Wyman* v. *Mayor*, 11 Wend. 486; *Kerrigan* v. *Backus*, 69 App. Div. 329.) And a court of equity is not required to issue an injunction to protect a mere technical right. (*McCann* v. *Chasm Power Co.*, 211 N. Y. 301.)

2. Although the city, in attempting to open Thirteenth street, acted upon the petition of persons having a private right of way over the same, it did not have the right to subject said lands to the further burden of a public street without making compensation therefor to the owner.

3. Ordinarily the city would be required to resort to condemnation proceedings to acquire the land for street purposes, but this being an action in equity, in which the rights of the respective parties may be adjudicated, provision may be made for acquiring the same without resorting to that proceeding. (*Pappenheim* v. *Metropolitan Elevated R. Co.*, 128 N. Y. 436.)

4. The finding that the plaintiff's premises are not and have never been burdened with or subject to a private easement or private right of way; that none of the deeds in plaintiff's

chain of title recognize any public or private easement upon or over the plaintiff's premises, and all other findings of similar import, are disapproved and reversed, and express findings should be made to the contrary by this court.

5. The judgment should be affirmed, with costs, unless the defendant shall pay to the plaintiff the nominal damages and the costs of this action, including the costs of this appeal, upon receiving a conveyance from the plaintiff of his right, title and interest in the lands described in the complaint for street purposes only, so far as they are included within the bounds of Thirteenth street, and permit the plaintiff a reasonable time to remove the building from said lands. The time within which such damages and costs are to be paid and the house removed to be fixed in the judgment, which may be settled on two days' notice.

All concurred, except FOOTE and HUBBS, JJ., who dissented, and voted for affirmance in a memorandum by FOOTE, J.

FOOTE, J. (dissenting):

I agree that the so-called Thirteenth street as delineated on the Gosseline map is not a public street at the place in question. But I dissent from the holding of the majority of the court that private easements therein at this point existed in favor of either of the petitioners Holmes or Foley. There is no proof of private easements in favor of any one else. None of the deeds in either Foley or Holmes' chain of title conveyed their lands as abutting upon Thirteenth street, or expressly or by implication granted easements therein for street purposes or as a private way.

As to Foley he derived his title according to the Garvey subdivision as shown on the Alderman map, and in his deed plaintiff's lot No. 3 was expressly excepted as private property and not as a street, and Foley proceeded to convey portions of his property according to this Alderman map, thereby recognizing the resubdivision which eliminated Thirteenth street as a street at this point.

As to Holmes, whose lands are immediately south of plaintiff's, a dwelling house thereon has occupied the bed of what would be Thirteenth street for nearly forty years prior to the beginning of this controversy, and a fence has been main-

Fourth Department, July, 1918.        [Vol. 184.

tained across the supposed Thirteenth street along plaintiff's south line. Holmes' property, which consists of about four acres, was conveyed to his remote grantors throughout the chain of title by boundaries which did not in terms or by implication recognize Thirteenth street as a public street or private way, and which, as I think, effectually revoked or withdrew any prior offer to dedicate such a street to public use. The occupation by Holmes and his grantors of the land has been distinctly adverse to the existence of either a street or private way through his property so as to effectually have extinguished any private easements therein if they ever existed.

Plaintiff's dwelling house has stood in the bed of this alleged street for more than twenty-two years before the city undertook to open this street, and I think there has been an adverse possession by plaintiff and his grantor sufficient to bar any right of way across his property in favor of the Holmes property, if there ever was one.

But even if a private easement for a way does exist in favor of the Holmes property, that would not justify the city in entering upon plaintiff's property and tearing down his dwellings. The city was clearly in the wrong in attempting to do this, and I think has been properly enjoined from so doing, whether there are private easements or not. Neither Holmes nor Foley are parties to this action or bound by the decision herein, and I think we should not in this action undertake to enforce any private property rights which they may have as against the plaintiff.

The facts upon the last trial are not materially different from the facts upon the former trial, except that it now appears that the Gosseline map was made by authority of the then owners of the property, and I am of opinion that the decision of the Court of Appeals in this case (210 N. Y. 168) settled the questions involved adversely to the contentions of the city, and that we should affirm the judgment rendered in plaintiff's favor upon the last trial.

HUBBS, J., concurred.

Judgment affirmed, with costs, unless the defendant shall pay to the plaintiff the nominal damages and the costs of this

action, including the costs of this appeal, upon receiving a conveyance from the plaintiff of his right, title and interest in the lands described in the complaint for street purposes only, so far as they are included within the bounds of Thirteenth street and permit the plaintiff a reasonable time to remove the building from said lands. The time within which such damages and costs are to be paid and the house removed to be fixed in the judgment which may be settled on two days' notice.