FRANK V. R. STILLMAN, Appellant and Respondent, *v.* CITY OF OLEAN, Respondent and Appellant.

Streets — dedication and acceptance of land for streets — when filing map showing a certain street is not a sufficient dedication thereof as a public street.

In an action to restrain a municipal corporation from removing plaintiff's house, which the municipality claims is located upon a public street, it appears that such claim is based upon a map of a tract of land, made and filed for and in behalf of a land company in the county clerk's office in 1836 in which map the tract was laid out in blocks and lots with a series of purported streets amongst which was the street in question and which includes the location of plaintiff's house. It appears that such purported street has never been opened, worked or traveled as such; that, subsequent to the filing of such map, conveyances of land in the street were made by metes and bounds, including lots which were shown in said map as fronting upon the street in question, but without mentioning such street, in effect eliminating the street, canceling the offer to dedicate it to the public use, and conveying the right, title and interest of the grantors in and to the streets embraced in the descriptions; that other conveyances of land in such tract contain descriptions which recognize a new map which entirely obliterates the street in question and substitutes for it a new street in a new location; and that, for periods of forty to twenty years before the commencement of this action, houses have been maintained within the purported limits of the street by plaintiff and his predecessors and by others which obstructed the strip for street purposes. *Held*, that the evidence does not show a sufficient dedication and acceptance of the street in

question to constitute it a public street either by dedication or user in or over the land in the block in which plaintiff's premises are situated. *Held, further,* upon examination of the evidence, that if there existed any private easement of passage over plaintiff's premises, it has been lost by the assertion of hostile rights which denied its existence and prevented its exercise.

*Stillman* v. *City of Olean,* 184 App. Div. 323, reversed.

(Argued February 26, 1920; decided April 13, 1920.)

CROSS-APPEALS from a judgment of the Appellate Division of the Supreme Court· in the fourth judicial department, entered February 1, 1919, modifying and affirming as modified a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

*Dana L. Jewell* and *Creighton S. Andrews* for plaintiff, appellant and respondent. Whitney, being the owner of all the lands within and on both sides of Thirteenth street, could deal with it as he chose and extinguish the easement (if any) regardless of anything contained in these old deeds. (*Reis* v. *City of New York,* 188 N. Y. 58; *Matter of Eleventh Street,* 71 N. Y. Supp. 824; 169 N. Y. 607; *Matter of Fifth Street,* 71 N. Y. Supp. 644.)

*Allen J. Hastings* and *George A. Larkin* for defendant, respondent· and appellant. The Olean Land and Hydraulic Company made an offer to dedicate all of the streets shown on the Gosseline map, filed in the Cattaraugus county clerk's office December 28, 1836, which has never been revoked, and consequently the municipality was at liberty at the time of the commencement of this action to accept Thirteenth street as a public highway. (*Wyman* v. *Mayor, etc.,* 11 Wend. 487; *Child* v. *Chappell,* 9 N. Y. 246; *City of Niagara Falls* v. *N. Y. C. R. R. Co.,* 41 App. Div. 93; 168 N. Y. 614; *Bridges* v. *Wyckoff,* 67 N. Y. 130; *Buffalo Ry. Co.* v. *Hoyer,* 214 N. Y. 236.) Private easements existed in Thirteenth street in favor of two of the petitioners for the opening of the street,

namely, Holmes and Foley. (*Village of Olean* v. *Steyner*, 135 N. Y. 341; *Lord* v. *Atkins*, 138 N. Y. 184; *Haight* v. *Littlefield*, 147 N. Y. 338; *Bissell* v. *N. Y. C. R. R. Co*., 23 N. Y. 61; *Welch* v. *Taylor*, 134 N. Y. 450; *Reis* v. *City of New York*, 188 N. Y. 58; *Buffalo Ry. Co.* v. *Hoyer*, 214 N. Y. 236; *Bridges* v. *Wyckoff*, 67 N. Y. 130; *Lowenburg* v. *Brown*, 79 App. Div. 414.) Even assuming that the *locus in quo* is not a public highway, nevertheless plaintiff's premises are burdened with easements of Holmes and Foley, and consequently the defendant's act in seeking to open a public street across it would cause merely nominal damage to the plaintiff. A court of equity will not grant an injunction where the damages flowing from the threatened injury are purely nominal, especially where the defendant is engaged in the doing of a public work. (*Village of Olean* v. *Steyner*, 135 N. Y. 341; *McCann* v. *Chasm Power Co.*, 211 N. Y. 301; *Whalen* v. *Union Bag & Paper Co.*, 208 N. Y. 1; *McClure* v. *Leaycraft*, 183 N. Y. 36; *Knoth* v. *Manhattan Ry. Co.*, 187 N. Y. 43; 16 Am. & Eng. Ency. of Law [2d ed.], 351, 352; *Hart* v. *McLaury*, 121 N. Y. 636; *Jones* v. *D., L. & W. R. R. Co.*, 208 N. Y. 40.) There has been no abandonment by nonuser because such an abandonment by a municipality can only be created by unequivocal acts. (*Porter* v. *International Bridge Co.*, 200 N. Y. 234; *Riley* v. *City of Racine*, 51 Wis. 526; *Board of Commissioners* v. *Young*, 59 Fed. Rep. 96.)

Hiscock, Ch. J. The plaintiff, claiming to be the owner of premises in the city of Olean on which there was a house, brought this action to restrain defendant from executing its conceded purpose of removing such building. The cause of action as originally defined by the complaint was that defendant proposed to thus interfere with the plaintiff's house on the ground that it was located in one of its public streets and, therefore, could be removed, and this theory presented the question

whether the building was thus located in a public street. This issue having been decided by the Special Term in favor of the plaintiff and his prayer for relief granted, the Appellate Division disposed of the case on another theory. Agreeing with the Special Term that the *locus in quo* was not part of a public street, it nevertheless held that plaintiff's premises were subject to private easements for street purposes in favor of two persons, Holmes and Foley, and that, therefore, the defendant would be entitled to acquire the premises for nominal damages for a public highway and this being so, plaintiff should not be allowed an injunction to prevent a merely nominal injury. Both parties are appellants and we are, therefore, presented with the questions whether plaintiff's house is located on ground which is either part of a public street or which is subject to private easements for street purposes. These inquiries lead us to the consideration of a series of facts and a chain of conveyances which commenced in 1836.

At that time a land company was the owner of a tract of land including a large part of what is now the city of Olean and the premises in question. A map of the tract was filed in the county clerk's office, made by one Gosseline, and which it has been found and which I shall assume was so made and filed for and in behalf of said company. By this map the tract was laid out in blocks and lots with a series of purported streets amongst which was one known as Thirteenth street and which includes the location of plaintiff's house.

Outside of conveyances hereafter to be referred to, and as tending to the decision of the question whether Thirteenth street in the portion material in this litigation ever became a public street, it appears that it never has been opened, worked or traveled as such. Some of the land within its purported limits has remained in a wild and uncultivated condition and other portions of it and of the surrounding territory have been used for agricul-

tural purposes. For periods ranging from nearly forty to upwards of twenty years respectively before the commencement of this action houses located within the purported limits of the street on the block in question had been maintained and occupied by one Dickinson and by plaintiff and his predecessors, which obstructed the use of the strip for street purposes. At the time defendant's predecessor, the village of Olean, was incorporated in 1858 a reference was made to one of the streets other than Thirteenth street delineated on the Gosseline map, but only as a starting point in the description of the area proposed to be included within the village limits. In 1910 the council of the defendant adopted a resolution which has become the immediate cause of the present litigation, whereby on the presentation of a petition by various individuals asking that Thirteenth street be opened between certain cross streets and including the locality here involved it was resolved " that the petition be adopted and the superintendent of streets be authorized to notify all persons having property or other obstructions in street to remove the same    *    *    * and in default thereof the superintendent of streets be authorized and directed to remove the same." Prior to this time, however, conveyances had been executed by various persons holding the title to Thirteenth street at or near the point in question and to lands abutting thereon which disregarded and obliterated Thirteenth street as it had been shown upon the Gosseline map. The legal effect of these facts as embodied in findings will be considered later.

We then come to consideration of the chain of title running from the land company to plaintiff and to Foley and Holmes, found by the Appellate Division to have acquired easements for street purposes over plaintiff's premises, as bearing upon the question whether such easements were acquired by both or either of them, and also as indicating a revocation of the dedication made by means of the

Gosseline map of Thirteenth street as a public highway. After two mesne conveyances of a large number of blocks including those purporting to front on Thirteenth street at the point in question by reference to the Gosseline map but containing no specific mention of Thirteenth street, in 1851 a conveyance of a considerable portion of said tract, with a reference to said Gosseline map, but by metes and bounds which included but did not mention Thirteenth street, was made to one Whitney. This deed expressly conveyed all the grantor's "right, title and interest in and to the streets, parts of streets  *  *  * embraced in the above described premises." By this conveyance Whitney became the common source of title running to plaintiff and Foley and Holmes.

These titles come from Whitney through two lines of conveyances starting on the same day. In one line is found the chain of title which leads to plaintiff and also to Foley. The other one leads to Holmes. In the chain of conveyances running from Whitney to Holmes, forms of description were used which contained reference to the Gosseline map and indirectly described lands being conveyed as abutting on various streets shown on said map including Thirteenth street. Most of the deeds convey the grantor's "right, title and interest in and to the streets" embraced in the description. In the other chain of title ultimately leading to plaintiff and Foley, in the earlier deeds reference is made to the Gosseline map and a starting point is taken in one of the streets shown thereon, but the description is by courses and metes and bounds which include but do not in any manner mention Thirteenth street. By such description the common title of plaintiff and Foley is brought to one Lawton and thereafter a description is used which at the point of occupation by plaintiff utilizes or recognizes a new map which entirely obliterates Thirteenth street and substitutes for it a new street in a new location. Foley not only received his title under a description

with this feature, but himself made conveyances by the new map which had thus eliminated Thirteenth street.

On facts, of which the more important ones have been thus very briefly and generally summarized, we agree with the conclusion reached by the Special Term that Thirteenth street at the time this action was brought was not a public highway. The Appellate Division did not reverse the findings of the Special Term to this effect, but it expressly found and adjudged that it was not such a public street. Under the rather unusual course which the case took in the Appellate Division I am inclined to think that there was within the meaning of section 191 of the Code an "unanimous decision * * * that there is evidence supporting or tending to sustain" the findings of fact made by the Special Term in this respect which prevents our examination of the evidence. But if we assume otherwise there is no doubt in my mind that the evidence amply sustained the findings which have been made to that effect. No discussion of some of the facts already referred to and obviously tending to support them is necessary but further reference appropriately may be made to one line of evidence which tends to support them.

The basis of all claims of a public highway or of private easements is the Gosseline map. We are assuming that this map operated as an offer to dedicate certain strips of land to street purposes. The same indisputable principles are applicable to that as to any other voluntary offer. At any time before it was accepted or acted upon or rights had accrued thereunder it could be withdrawn and annulled. That is what in my opinion occurred in respect of Thirteenth street as a public highway. The chain of conveyances to plaintiff did not subject his land to use for highway purposes. Assuming, which I very much doubt, that the resolution adopted by the common council of defendant in 1910 otherwise amounted to an acceptance of the dedication of Thirteenth street as

shown by the original Gosseline map, the fact is that before this the grantees of part of the bed of the purported street and of the premises abutting thereon had by their conveyances and acts eliminated the proposed street and thereby canceled the offer to dedicate it to public uses.

This view that there was not a public street is supported, even with the authenticity of the Gosseline map established, by what was said on the former appeal of this case to this court so far as it was deemed necessary or proper to go in the opinion then being rendered. (*Stillman* v. *City of Olean*, 210 N. Y. 168. See, also, *Smith* v. *Smythe*, 197 N. Y. 457, 461; *City of Buffalo* v. *D., L. & W. R. R. Co.*, 68 App. Div. 488, 502; affd., 178 N. Y. 561.)

Neither, largely for the same general reasons last stated, do I think that Foley acquired any private easement over plaintiff's premises for street purposes. As has been pointed out the conveyances by which title finally reached those two people respectively supplanted the Gosseline map so far as plaintiff's premises are concerned with a new map which eliminated Thirteenth street and thus destroyed the only basis on which Foley could claim a private right of way. He not only took title under a conveyance which recognized plaintiff's title as against any such highway as Thirteenth street, but he himself still further recognized this situation by subsequently making conveyances by a map which obliterated that street. The *Steyner* case (*Village of Olean* v. *Steyner*, 135 N. Y. 341), when the difference between the facts there and here presented is considered, is not opposed to but rather supports the view being taken.

There is more basis for the view that Holmes and his predecessors acquired a paper or record right of way for street purposes over what was known as Thirteenth street. The conveyances in this chain of title seem to bring it within the familiar principles of those cases which

hold that under a conveyance describing premises as bounding or abutting upon a street shown by a map the grantee is entitled as against the grantor and his grantees to use the strip so shown for street purposes even though it be not a public highway. (*Newman* v. *Nellis*, 97 N. Y. 285; *Reis* v. *City of New York*, 188 N. Y. 58, 62; *Taylor* v. *Hopper*, 62 N. Y. 649; *Cox* v. *James*, 45 N. Y. 557; *Bissell* v. *N. Y. C. R. R. Co.*, 23 N. Y. 61.)

This view, however, is subject to consideration of the fact that the deed from Whitney in the Holmes chain of title reserves from the premises being conveyed ten acres " from the north part thereof this day conveyed to Charles H. Thing (and others) and one and one-half acres sold to John T. Whitney," and also of the fact that apparently on the same day when the Whitney deed in the Holmes chain of title was executed indirectly recognizing Thirteenth street, the deed from Whitney in the chain of title of plaintiff and Foley, already referred to, was executed and which in no manner referred to Thirteenth street. The circumstances under which these various deeds having even date were executed, as bearing upon the question whether the Holmes chain of title indirectly recognizing Thirteenth street had superiority over the other deeds which did not mention that street, do not appear in this case. On the face of the deeds it did not.

If, however, we should assume simply for the purposes of this discussion that Holmes did acquire a record title or right to use what purported to be Thirteenth street as it ran over the premises now held by plaintiff, of course that easement like any other private right could be lost by abandonment and nonuser or destroyed by the assertion of hostile rights by the owners of the servient estate which denied its existence and prevented its exercise. If we give to plaintiff, as he is entitled to demand, the benefit of the most favorable unreversed findings of the Special Term where the same are inconsistent

with the findings of the Appellate Division (*Beatty* v. *Guggenheim Exploration Company*, 223 N. Y. 294) we think it appears that these assumed inchoate and somewhat uncertain paper rights have been thus lost. As has been found on supporting evidence, for a period of sixty years they have never been asserted or enjoyed; the offer of dedication by the Gosseline map has never been "followed by an abandonment by the original or other owners (of plaintiff's premises) of their exclusive enjoyment of said premises, nor by the use and enjoyment of said premises as a street, road * * * or * * * private way;" on the contrary for over sixty years passage over said street has been prevented by fences and buildings which were necessarily and deliberately hostile to the enjoyment of any such easement as is claimed for Holmes. Such findings do not sustain but negative the view that there is any private easement of passage so destroying the value of plaintiff's premises that he ought not to be allowed to restrain defendant from the execution of its unlawful purposes.

Therefore, agreeing with the Appellate Division in its view that Thirteenth street so called is not a public street on the block including plaintiff's premises, and disagreeing with its view that there are private easements of passage over said premises we find no basis for its judgment, which should be reversed and that of the Special Term affirmed, with costs in this court and in the Appellate Division.

COLLIN, HOGAN, POUND, McLAUGHLIN, ANDREWS and ELKUS, JJ., concur.

Judgment reversed, etc.