PAUL LUTTINGER, Plaintiff, *v.* L. DUNCAN BULKLEY, Defendant.

Supreme Court, Bronx County, January 26, 1927.

**Equity — counterclaim — counterclaim seeking to enjoin continuing trespass proper — plaintiff having invoked jurisdiction of equity defendant is entitled to set up other defenses.**

Defendant, against whom plaintiff has commenced an action in equity, may set up a counterclaim by which he seeks to enjoin alleged continuing trespass by the plaintiff. The defendant is entitled to set up and have determined in plaintiff's equity action other defenses he has to plaintiff's claim, and also every claim arising out of the contract or transaction between the parties, especially where a multiplicity of suits will thereby be avoided.

Since jurisdiction was obtained in equity, it will be exercised to determine all the questions raised including the award of damages or the determination of matters ordinarily decided by a jury, which may be incidental to the relief sought.

MOTION by plaintiff to strike out portions of answer and counterclaim.

*Horn & Spencer*, for the plaintiff.

*Randall, Larson & Hawkins*, for the defendant.

HAMMER, J. Plaintiff's motion to strike out portions of the answer and counterclaim, wherein defendant seeks to enjoin an alleged continuing trespass by plaintiff, which plaintiff claims are allegations setting forth in effect the cause of action in ejectment, is denied, with ten dollars costs. Plaintiff having invoked the jurisdiction of equity the defendant is entitled to set up and have determined therein other defenses he has to plaintiff's claim, and also every claim arising out of the contract or transaction between the parties. (*New York & N. H. R. R. Co.* v. *Schuyler*, 34 N. Y. 30; *Cogswell* v. *New York, N. H. & H. R. R. Co.*, 105 id. 319.) This is particularly applicable to a controversy such as the instant one,

where a multiplicity of suits will thereby be avoided by the adjudication of all questions between the parties in one action. (*Trustees of the Presbytery of New York* v. *Westminster Presbyterian Church of West Twenty-third St.*, 192 App. Div. 163, 164; *Russell Hardware & Implement Mfg. Co.* v. *Utica Drop Forge & Tool Co.*, 195 N. Y. 54, 60; *Stillman* v. *City of Olean*, 184 App. Div. 323; *Pappenheim* v. *Metropolitan El. R. Co.*, 128 N. Y. 436; *Board of Suprs. of Saratoga County* v. *Deyoe*, 77 id. 219, 225; *Wheelock* v. *Noonan*, 108 id. 179; *Hunter* v. *Manhattan R. Co.*, 141 id. 281.)

Jurisdiction in equity having been obtained of the cause, it will be exercised to determine all the questions raised, including the award of damages or the determination of matters ordinarily triable by jury, which may be incidental to the relief sought. (*Lynch* v. *Metropolitan El. R. Co.*, 129 N. Y. 274; *Madison Ave. Baptist Church* v. *Baptist Church in Oliver St.*, ·73 id. 82, 95; *Beilman* v. *United Surety Co.*, 168 App. Div. 921.)  The plaintiff contends that, if the portions of defendant's answer to which he objects are permitted to stand, and the issue thus raised is tried and determined in equity, plaintiff will be deprived of his " fundamental " and constitutional right of trial thereof by jury.  Since plaintiff himself has brought defendant into a court of equity, to have the issues involved in the action determined, plaintiff is not entitled to the relief sought. (See *New York & N. H. R. R. Co.* v. *Schuyler*, *supra*, 46.)  Plaintiff may have ten days after service of a copy of the order herein with notice of entry, within which to serve plaintiff's reply to defendant's counterclaim.

Submit order on notice.