MINNIE NEWTON, Plaintiff, *v.* THE OTSELIC VALLEY NATIONAL BANK, Defendant.

Supreme Court, Chenango County, May 17, 1928.

Pleadings — counterclaim — action to cancel promissory note on ground of fraud — counterclaim alleging note is due and that plaintiff has in her possession property transferred to her without consideration and for purpose of defrauding defendant sufficient under Civil Practice Act, § 266.

In this action to cancel a promissory note made by plaintiff to defendant, the making of which plaintiff claims was induced by fraud, a counterclaim which alleges that the note is due and that plaintiff has in her possession property transferred to her without consideration and for the purpose of defrauding the defendant and other creditors, not only tends to diminish or defeat plaintiff's recovery within the meaning of section 266 of the Civil Practice Act, but arises out of the same transaction, and, consequently, a motion to strike out said counterclaim must be denied.

MOTION by plaintiff to strike out certain counterclaims in action to cancel note.

*Ward N. Truesdell,* for the plaintiff.

*H. C. Stratton,* for the defendant.

RHODES, J. Plaintiff moves to strike out certain counterclaims contained in paragraphs 2d, 3d and 4th of the amended answer. The action is in equity, the complaint seeking to cancel a note of $8,129.63 made by the plaintiff to the defendant, the making of which plaintiff asserts was induced by fraud. It appears from the complaint that the note was given to replace two other notes held by the bank, one of which was for the sum of $2,629.63, signed by the plaintiff and her husband as makers, the other of which was for $5,500 on which her husband was liable as indorser. The answer, in paragraph 2d, sets up as a defense and counterclaim the said note of $2,629.63, alleges that it is due and unpaid and demands judgment for the amount thereof. The 3d paragraph of said amended answer sets up as a defense and counterclaim the said note of $8,129.63, alleging that it is due, unpaid, and demands judgment for the amount thereof. The 4th paragraph of said amended

---

* Revd., 224 App. Div. ——.

answer sets up as a defense and counterclaim the circumstances surrounding the making of said note of $8,129.63, alleges that it was given as a renewal with the making of said prior notes, and further that plaintiff's husband has died intestate and that no representative has been appointed of his estate; that prior to the death of her said husband he was indebted to the bank on the said original notes; that he was the only solvent party to the said note for $5,500; that said notes were held and carried by the defendant for several years and that while so indebted the said husband without consideration conveyed all of his real and personal property to his wife, the plaintiff, the said real property consisting of numerous parcels which are described in the complaint. It is alleged that the property thus conveyed to the plaintiff by her husband was actually worth over $10,000 and that such conveyances were made with the intent to hinder, delay, cheat and defraud the creditors of her said husband and that they were without consideration, fraudulent and void.

Plaintiff claims that the said matters contained in said counterclaim should be dismissed as counterclaims for the reason that they do not tend to diminish or defeat plaintiff's recovery within the meaning of section 266 of the Civil Practice Act. It seems to me otherwise. The matters set forth in the answer certainly arise out of the same transaction. If plaintiff should succeed in her action to have the note of $8,129.63 set aside, then the defendant would be relegated to its rights as the holder of the original notes. The defendant says these notes are due; that the plaintiff has in her possession property transferred to her without consideration and for the purpose of defrauding defendant and other creditors. The action being in equity, the rights of all parties can be adjudicated in one action and the equities can be adjusted herein, thus avoiding a multiplicity of actions. (See *Luttinger* v. *Bulkley*, 131 Misc. 678.)

So far as the counterclaim alleged in the 4th paragraph of the amended answer is concerned, it may be said that the facts, if true, show the plaintiff to be a party to fraudulent conveyances by which she has profited and would establish that the plaintiff does not come into equity with clean hands. Therefore, it seems to me the facts would tend to defeat plaintiff's recovery.

Motion denied, with ten dollars costs.