JAMES T. O'NEILL et al., Appellants, *v.* ANNIE O'HARE, Respondent.

(Argued June 13, 1930; decided July 8, 1930.)

*Irving I. Goldsmith* and *Walter M. Hinkle* for appellants. The facts and circumstances require the intervention of equity to protect the rights of the plaintiffs. (*O'Beirne* v. *Gildersleeve*, 116 App. Div. 902.) Nonuser does not constitute an abandonment of plaintiffs' right to enjoy the easement. (*Smith & Son's Carpet Co.* v. *Ball*, 143 App. Div. 83.)

*Emanuel Forst* and *Charles Lewis* for respondent. The Appellate Division properly construed and interpreted the easement with respect to the erection of the proposed garage. (*Grafton* v. *Moir*, 130 N. Y. 465; *Blackman* v. *Striker*, 142 N. Y. 555; *Mitchell* v. *Reid*, 192 N. Y. 255; *Wilson* v. *Ford*, 209 N. Y. 186; *O'Beirne* v. *Gildersleeve*, 116 App. Div. 902; *Casella* v. *Gallow*, 197 App. Div. 825.) The findings of fact and conclusions of law as made by the Appellate Division with respect to the clothespole are correct. (*Greenwood Lake & Port Jervis R. Co.* v. *N. Y. & Greenwood Lake R. Co.*, 134 N. Y. 435.)

POUND, J. This is an appeal from a judgment of the Appellate Division of the Supreme Court, Second Department, reversing upon the law and facts a judgment made at Special Term, enjoining the defendant herein from in any manner interfering with the plaintiffs' alleged easement and right of way over the property of the defendant, and also granting a mandatory injunction directing the defendant to remove the garage under construction upon the defendant's premises, because of its alleged interference with the plaintiffs' easement and right of way, and also directing the relocation of a certain clothes pole to be used by the plaintiffs to some undetermined place. The order of the Appellate Division further directed judgment in favor of the defendant,

dismissing the complaint, with costs, and made new findings of fact and conclusions of law in conformity with its decision.

Title to three parcels of property in the borough of Brooklyn was once vested in a common owner. They are designated on a survey in evidence herein as " A," " B " and " C."

Parcel A is now owned by a stranger to the litigation. It is on the northeast corner of Sixth avenue and Seventy-fifth street and is known as No. 607 Seventy-fifth street. It has a frontage of 29 feet 6½ inches on Sixth avenue and 42 feet 6½ inches on Seventy-fifth street.

Parcel B is owned by the plaintiffs. It is east of parcel A on Seventy-fifth street and south of parcel C. It is known as No. 609 Seventy-fifth street. It has a frontage of 44 feet on Seventy-fifth street and a depth of 25 feet on each side.

Parcel C is owned by the defendant. It is on Sixth avenue, No. 7421. It has a frontage of 26 feet 9½ inches on Sixth avenue and a depth of 96 feet 2¼ inches on one side and a depth of 105 feet and 10 inches on the other side and is 25 feet in width in the rear. It adjoins parcels A and B on the north. It was conveyed by the common owner to defendant's predecessor in title October 31, 1922, with an easement and subject to reservations as follows:

1. " Together with an easement for passage and re-passage for pleasure automobiles only to the garage on the rear of said premises over the northerly 4 feet of the premises adjoining the aforesaid premises on the south. *Subject, however, to an easement over the southerly 4 feet of these premises for passage and re-passage for pleasure automobiles only to the garage on the rear of the premises adjoining on the south in favor of all owners of the property adjoining on the south.*

2. " The party of the first part reserves the right to erect a clothes pole in the rear of the building on the

northerly side of the lot herein described, which said clothes pole is to be used to carry wash lines from the corner building to said wash pole for the drying of clothes of the occupants of the corner building. These lines are to be removed when not actually in use."

At the time of this conveyance, no garage had been erected on defendant's lot (parcel C) but plaintiffs had constructed a garage as a part of their building on parcel B which had an exit on Seventy-fifth street, but was closed in the rear by a solid brick wall.

A clothes pole erected near the rear of parcel C carried two lines, one to the north wall of parcel A and one to the north wall of parcel B. Parcel A is the corner lot.

Parcel B was conveyed to plaintiffs June 16, 1923, by deed which contains the following clauses:

1. " Subject to an easement or right of way over the northerly 4 feet of the premises above described in favor of the premises adjoining on the north [parcel C] for the purpose of a driveway for pleasure automobiles *only to and from the garage erected or to be erected on the said* adjoining premises.

2. " Together with an easement and right of ingress and egress over the northerly 4 feet of the premises adjoining the premises above described on the west. [Refers to parcel A.]

3. " Together with the right to erect a clothes pole in the rear of the building on the lot to the north of the lot herein described, *which said clothes pole is to be used to carry wash lines from the building on the premises herein above described to said wash pole for the drying of clothes of the occupants of the building on the premises herein described;* said lines to be removed when not actually in use; said right to erect said pole and use the same being subject and subordinate to the lien of the mortgages now of record upon said northerly adjacent premises.

4. " Together with an easement over the southerly 4 feet of the premises adjoining on the north for the

passage or repassage of pleasure automobiles and ingress and egress to the above premises from Sixth Avenue. [Refers to parcel C.] "

The purpose of these reservations and easements was to create an eight-foot way for automobiles from garages in the rear of parcels B and C to Sixth avenue. Plaintiffs claim that the right of way must be kept open to the rear of the premises. Defendant claims that it extends only to her garage " to be erected in the rear of the premises " and she is actually erecting a garage extending to the lot line between the two parcels for a distance of 18 feet $1\frac{1}{4}$ inches.

The trial judge held that the right of way extended to the rear of the premises and was for the benefit of both parcels B and C and could not be built upon by either. The Appellate Division held that the eight-foot way was not of sufficient width to furnish a right of way to a garage built at right angles thereto and construed the deeds to uphold defendant's contention. This court reviews the findings of fact, but nothing appears in this case but the proper construction to be put on the conveyances in evidence. From them it plainly appears that plaintiffs are entitled to an eight-foot right of way to the garage in the rear of their premises. The garage of defendant will cut down this approach to four feet if she is allowed to build to the lot line. The right of way is at best coffined, cabined and confined. It was probably thought adequate for small cars. Plaintiffs' garage now opens on Seventy-fifth street. The easement as contended for by plaintiffs operates to the great disadvantage of defendant without any corresponding present advantage to plaintiffs. It is not, however, impossible to carry out the terms of the reservation. Plain language sometimes yields to the construction called for by circumstances in order to afford reasonable facilities for the enjoyment of a right of way (*Bakeman* v. *Talbot*, 31 N. Y. 366; *Wilson* v. *Ford*, 209 N. Y. 186, 196), but here it seems that

to depart from the terms of the conveyances would be to take from one party rights expressly granted and reserved and give them to another. The common grantor gave each the right to which he is entitled and neither should have more than he received.

Rights in real property created by grant are not lost by non-user alone (*Snell* v. *Levitt*, 110 N. Y. 595, 602) and plaintiffs have done no act clearly indicative of an intention to abandon their right or to acquiesce in the claims of defendant.

So far as the clothes pole is concerned, it should be on the northerly line of defendant's property. It is on the easterly line. It is contended that the reservation is of the right to erect a clothes pole on the northerly side of defendant's lot to carry wash lines from the corner building, parcel A, and that plaintiffs here have no right to enforce the location of the clothes pole in the rear of defendant's premises; that they are not " the occupants of the corner building " and have nothing to say about the location of the pole; that the conveyance to plaintiffs by the common owner of the right to erect a clothes pole on premises already conveyed to defendant could not vest any rights in plaintiffs over lands thus conveyed. All this reasoning must give way to practical construction whereby parcels A and B have been regarded as " the corner property " as they were before separate conveyances were made at the time when the deed to defendant was executed. The clothes pole is for the benefit of parcel B as·well as parcel A. It is improperly located and should be relocated on the northerly line of defendant's lot.

The judgment of the Appellate Division should be reversed and that of the Trial Term affirmed, with costs in this court and in the Appellate Division.

CARDOZO, Ch. J., CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment accordingly.