Joseph A. Suozzi, J.
Each of these actions was brought pursuant to article 15 of the Real Property Law. Plaintiffs seek judgment that the defendant and anyone claiming under it be barred from all claim to any estate or interest in plaintiffs’ property and further, perpetually enjoining the defendant from entering upon the lands of plaintiffs.
The complaints allege and defendant admits that the predecessor in title of each plaintiff received from the County of Nassau a deed to the premises containing a reservation which, in the Quinn case, stated, “ subject to an easement in perpetuity for highway purposes and not exceeding ten (10) feet and in the Restifo deed contained an additional sentence stating, “ It is *702 further understood and agreed that after the adoption and filing of a map showing the alteration of alignment of said road, any unused portion of this easement will be abandoned by the County of Nassau ”; that defendant now seeks to widen Merrick Road without conceding that this would constitute an appropriation of plaintiffs’ property, because of the reservation contained in the prior deed of record.
Plaintiffs contend that the reservation is void on the ground that it is vague and ambiguous on its face, and for this reason seek the relief described above. The ambiguity is claimed to exist in the following respects: the beneficiary of the easement is not indicated; in the case of the Quinn property, which is a corner parcel, the easement could apply to either road; “ highway purposes ” does not necessarily contemplate a road widening ; “ 10 feet ’ ’ is not a sufficient description of the location of the easement. The plaintiffs then aver that such ambiguity must be construed most favorably to the grantee and most strictly against the grantor, whose words they are. They further state that since they were not in privity with the county when the reservation was drawn, they cannot be bound by the intent of the draftsman. Plaintiffs conclude, then, that the court must find that they have full title to the disputed strip of land.
Was the language of the reservation so vague that it failed to place plaintiffs on notice of the comity \s alleged right to widen Merrick Road without compensation? If so, the plaintiffs must prevail; if not, the complaint must be dismissed.
There is no doubt that an easement burdening land may be created in perpetuity, and that it will be enforcible forever, or until terminated by act of the parties or operation of law. (Nellis v. Munson, 108 N. Y. 453; Whitney v. Richardson, 59 Hun 601.) Such easement may be the subject of a reservation in a deed. (Holden v. City of New York, 7 N Y 2d 840; Dalton v. Levy, 258 N. Y. 161; O’Neill v. O’Hare, 254 N. Y. 186.) A purchaser who accepts a deed, as the plaintiffs did here, recognizing an easement over the realty, is estopped by such acceptance from later denying the existence of the easement (Dagrosa v. Calabro, 105 N. Y. S. 2d 178,181; Wilson v. Ford, 209 N. Y. 186; Bridger v. Pierson, 45 N. Y. 601). The easement involved here was a matter of record in that it was recorded in the office of the County Clerk of the County of Nassau. Even in the absence of actual knowledge of this easement by the plaintiffs, which knowledge is not denied here, plaintiffs would in any event be charged with notice and bound by it. (Real Property Law, § 291; Carbone v. Wenner, 98 N.Y. S. 2d 596; Matter of Goodell, 69 N.Y. S. 2d 38.)
*703 The court finds that the language of the reservations contained in the Quinn and Restifo deeds was clear. The beneficiary could be none other than the creator. The court can find no other interpretation than the plain meaning of the reservations, to wit: that a 10-foot strip along Merrick Boad was reserved to the county for future highway widening. In the Quinn case, the only road that could have been the subject of a county easement was Merrick Boad, a county road, Montauk Avenue admittedly being a town road. The town being a stranger to the transaction, it could not have been the beneficiary of the easement. (Blackman v. Striker, 142 N. Y. 555.)
The court’s finding is based upon the language of the conveyance and such other surrounding circumstances as have been brought to the court’s attention by the parties. It has long been held that these are the proper guideposts for the construction of the language contained in conveyances (Blackman v. Striker, 142 N. Y. 555, 560; Thayer v. Finton, 108 N. Y. 394). This conclusion is reached despite the fact that the court has construed the language of the reservation most strictly against the draftsman. Accordingly, the complaints are dismissed.