■ FRANK DE LUCA et al., Appellants, v. NOSWAL PARK TAXPAYERS ASSOCIATION, INC., Respondent.— Judgment of the Supreme Court, Putnam County, dated July 23, 1971, reversed on the law, without costs, and judgment

directed to be entered (1) declaring that plaintiffs have an easement of ingress and egress between the front of their property and the mapped termination of Noswal Park Road by foot, motor vehicle or otherwise, and that they have the right to do what is reasonable and necessary to exercise their easement and to maintain it so as to allow free and unobstructed use thereof, and (2) permanently enjoining the defendant, its officers and members from interfering with plaintiffs' use of such easement. In 1931 William and Maude Lawson conveyed to Bessie E. Dilligan a parcel of real property near Lake Oscawana in Putnam Valley, New York. The deed described the parcel as fronting on Noswal Park Road, and its easterly [i.e., front] boundary line was described as running along Noswal Park Road. The deed subjected an eight-foot strip of the property at the rear to an easement of right of way running from an ice house north of the parcel to Dunderburg Road on the south. The purchaser was given an easement of right of way by motor vehicle over the entire strip in common with the sellers and their assigns and grantees. As we read the deed, it excluded from the grant made to the purchaser the fee of any street or road adjacent to the premises [Noswal Park Road was the only such street or road], except that the purchaser was granted a right of way or easement of ingress and egress by foot, motor vehicle and otherwise over (1) the traveled roadway running through the property of the sellers, *and* (2) what was then known and designated as Noswal Park Road, to and from the property being conveyed in either direction over the same in common with the sellers, their assigns and grantees. The parcel conveyed was part of a larger tract of land acquired by one of the sellers in 1928, and the record does not indicate the location of the "traveled roadway" running through the sellers' property and over which the easement in question was granted. The matter is of no moment since the easement was also granted over what was then known as Noswal Park Road, which then abutted the parcel being conveyed. On January 3, 1949 the adjoining parcel on the south was deeded to Joseph S. Dilligan by Maude Lawson. This deed contained the same easements as the preceding deed and in addition granted a right of way by foot to Lake Oscawana, using language which located the end of Noswal Park Road on the shore of the lake. In 1952 the Westchester County National Bank of Peekskill quitclaimed to the defendant all its right, title, and interest in and to the roadbed or roadway known as Noswal Park Road, as well as the parcels designated as Plaza Plot B and Plaza Plot C, all subject to the easements of the grantees. On June 9, 1969 the plaintiffs acquired both adjoining parcels by deed which granted them the easements set forth in the 1931 and 1949 deeds. It appears that as of December 21, 1970 Noswal Park Road was not a town road and was not identified on the current listing of town roads made available by the Putnam Valley Highway Department. It further appears that the area in front of plaintiffs' property which was originally described as fronting on Noswal Park Road is presently landscaped and covered with grass. In 1970 the plaintiffs from time to time drove their motor vehicle across defendant's land to their own property and cut back tree branches and overgrowth to permit unobstructed access to their premises by motor vehicle, in asserted exercise of their right of way and easement. The defendant laid an information charging plaintiffs with criminal trespass in the fourth degree, and the plaintiffs brought the present action for judgment upholding their easement and enjoining interference with it. The learned Special Term held that plaintiffs did not have the easement claimed, but we consider this error. Wherever Noswal Park Road is now, and wherever it now terminates as a traveled roadway, it is indisputable that in 1931, and in

1949, it adjoined the parcels now owned by plaintiffs and extended northeast to the lake shore. We find that the 1931 and 1949 deeds created easements of access to the front of the parcels now owned by plaintiffs. We find nothing in the record to show that plaintiffs or their predecessors in title did any act clearly indicative of an intention to abandon their right or to acquiesce in the claim of defendant (cf. *O'Neill* v. *O'Hare,* 254 N. Y. 186, 191). The record is silent as to how long prior to December 21, 1970 the area in front of plaintiffs' property was covered with grass and landscaped. However, this indicates at most a temporary nonuser for an unknown time, and rights in real property created by grant are not lost by nonuser alone (cf. *O'Neil* v. *O'Hare, supra,* p. 191). Here there is no evidence of abandonment or of adverse possession by the owner of the servient tenement, since the record does not indicate that the defendant placed any obstruction on the right of way which was necessarily hostile to the enjoyment of the easement in question (cf. *Stillman* v. *City of Olean,* 228 N. Y. 322, 330). Upon the record presented, we conclude that plaintiffs have a valid easement of access by motor vehicle to the front of their property over what was formerly known as Noswal Park Road. Since it appears that this road now terminates a short distance south of plaintiffs' property, their easement extends from its northern terminus to the front of plaintiffs' property. The plaintiffs should, therefore, have judgment upholding their easement and restraining interference therewith (cf. *Brearton* v. *Fina,* 3 Misc 2d 1, 10, and authorities there cited). Latham, Acting P. J., Shapiro, Gulotta, Brennan and Benjamin, JJ., concur.