■ ELMAX BUILDERS SUPPLY Co. et al., Appellants, v TULNOY LUMBER, INC., et al., Respondents.—Order, Supreme Court, Bronx County (Barry Salman, J.), entered August 22, 1991, which denied plaintiffs' motion for summary judgment and granted defendants' cross-motion for summary judgment dismissing the complaint, unanimously modified, on the law, the cross-motion denied and, except as thus modified, affirmed, with costs and disbursements.

Plaintiffs, the owners of landlocked property adjacent to defendants' property, seek permanently to enjoin defendants from parking and standing their vehicles or allowing others to do the same on plaintiffs' deeded 30-foot-wide right-of-way over defendants' lot, which constitutes the only means of entering or leaving plaintiffs' lot. The 1959 sale of defendants' lot to them was made subject to the 30-foot easement right-of-way in the owners of the adjacent landlocked lots and their successors and assigns. Defendants' deed specifically prohibits them from parking or standing or allowing others to park or leave standing vehicles on any part of that right-of-way. Both plaintiffs' and defendants' lots were part of a larger parcel of land originally owned and later sold by railroad companies. In 1960, the railroads sold plaintiffs' lot to their predecessor in interest, together with the 30-foot-wide easement right-of-way over defendants' lot and the rights against parking provided by the covenant in defendants' deed. Plaintiffs acquired that easement and covenant right with their purchase of the lot in 1978.

On the parties' cross-motions for summary judgment plaintiffs introduced evidence, by photographs and affidavit, that beginning in 1985, defendants' officers and employees, as well as their customers and suppliers, have been regularly parking and standing cars and trucks on the right-of-way, blocking off the southerly section and that defendants closed off the entranceway of the right-of-way to Webster Avenue by filling in the existing curb-cut and created a new curb-cut entranceway on a different lot over which plaintiffs have no easement rights; and that as a result it is now necessary, in order to go to and from plaintiffs' lot, to execute a turn at a sharp angle which is difficult for large trucks.

In their affidavits, defendants did not deny these facts. Rather, they argued, citing *Huggins v Castle Estates* (36 NY2d 427), that restrictive covenants are to be strictly construed

against the party seeking enforcement of them and that neither party has observed the terms of the easement for years, thus indicating the parties' disdain for the restrictions. The short answer to that argument, however, is that the conduct by plaintiffs to which defendants refer occurred not on the right-of-way across defendants' lot but on another part of the right-of-way on plaintiffs' lot. Defendants' contention that they have a right to go over that part of the right-of-way is the subject of a separate lawsuit.

Defendants also argued, citing *Meadow Run Dev. Corp. v Atlantic Ref. & Mktg. Corp.* (155 AD2d 752, 754), and the IAS Court agreed, that since the use of the right-of-way has changed over the years, its purpose, namely, access to and from a rail siding for the railroads and their customers, has been obviated and the covenant extinguished. Suffice to say, the language of the deed describing the covenant is unlimited and unequivocal. The covenant is for "ingress and egress" to and from plaintiffs' land, without reference to any "siding." We recognize, of course that "[p]lain language sometimes yields to the construction called for by circumstances in order to afford reasonable facilities for the enjoyment of a right of way" provided that such construction does not "take from one party rights expressly granted and reserved and give them to another". *(O'Neill v O'Hare,* 254 NY 186, 190, 191.) Moreover, the record is devoid of any evidence that there has been any change in the character of the surrounding area, as argued, which would make enforcement of the covenant inequitable.

In denying plaintiffs' motion and granting summary judgment to defendants, the IAS Court, contrary to its function in such matters, made findings of fact which are neither justified nor germane. For instance, it found that plaintiffs can enter the original southerly entranceway by using a plank to get over the curb that defendants built across it. But the curb hurdle is not necessarily the problem. Plaintiffs' proof shows that the entire southerly strip of the right-of-way is used as a parking lot by defendants' customers. Without any record support, the court found that a change in the character of the surrounding area made enforcement of the covenant inequitable.

Based on our review of the record and the various claims of the parties, we find that plaintiffs have made a sufficient showing of triable issues of fact to justify denial of defendants' cross-motion for summary judgment. We do not grant summary judgment to plaintiffs, although such relief may, at least in part, arguably be warranted, since it is their burden to

prove, by clear and convincing evidence, that the restrictive covenant has been violated *(see, Sunrise Plaza Assocs. v International Summit Equities Corp.,* 152 AD2d 561, *lv denied* 75 NY2d 703). Concur—Sullivan, J. P., Carro, Kassal and Smith, JJ.