JABEZ ROGERS vs. IRA STEWART, SAMUEL S. PHELPS, JO-
SEPH HOUGH and JOHN MORRISON; also against one
STEPHENS, since deceased.

ADDISON,
January,
1833.

Rogers
vs.
Stewart et al.

That an action on the case lies against all jointly, who are concerned in continuing a nuisance, whether they be lessees, or sub-lessees, or assignees of the lessor.

That it is no objection to the plaintiff's recovering for a nuisance, that there are other nuisances, which obstruct the same way of the plaintiff; especially when the instructions to the jury exclude all damages, except those resulting from the joint act of the defendants.

That the neglect of the plaintiff, for seven or eight years merely, to cause a house to be removed from his own land, which was wrongfully erected there, and which obstructs the plaintiff's way, is not an abandonment of the way.—
Had the plaintiff, himself, erected such house, it might have been proper evidence of such abandonment.

That the plaintiff is entitled to his entire damage for the entire obstruction of his way by the defendants, notwithstanding there are other obstructions to the same way, erected by other persons; and he is not to be virtually driven to an apportionment of his damsges upon the different encroachments upon the same way.

That a recovery and collection will be a bar to any other recovery for continuing the same nuisance for the same period.

This was an action on the case for the obstruction of a private way of the plaintiff. There was a jury trial in the County Court, and a verdict for the plaintiff. Several exceptions were taken to the instructions given to the jury. These, including some points not urged before this Court, appear in a long bill of exceptions, allowed by the Judges of the County Court. The material facts in which, and the arguments of counsel, sufficiently appear in the following opinion of the Court, delivered by

HUTCHINSON, Ch. J.—It appears by the Bill of Exceptions in this case, that the plaintiff owned a piece of land, lying north-westwardly of the common, in Middlebury, and had used and occupied, for thirty or forty years, a foot-way and cart-way from this land, in a south-eastward direction, across a small piece of land, long owned by Gamaliel Painter and his heirs, and coming out into the highway, or common, near where the church now stands. The erection of a fence on the line of the highway, with gates for foot-passengers only, said fence extending across this private way of the plaintiff, was the obstruction complained of in the declaration. In this, the plaintiff complains of the obstruction of this way as a cart-way—not as a foot-way.

Addison,
January,
1833.

Rogers
vs.
Stewart et al.

The defendants' counsel urge, that this action cannot be maintained againt these defendants jointly. This point must be decided upon the following facts : Stephens, who was made defendant, but has since deceased, erected this fence as a door-yard fence to a house near by. This was in 1825 or 1826. Afterwards Stephens leased these premises, together with a factory owned by him, to the defendant, Hough, for five years; and afterwards assigned this lease to the defendants, Stewart and Phelps. And said Hough underlet the house, to accommodate which this fence was erected, to the defendant Morrison. So that, during the period of the continuance of this nuisance, now complained of, Morrison was paying rent to Hough, and Hough was paying rent to Stewart and Phelps. Upon these facts, the County Court charged the jury, that the defendants were jointly liable, if any were liable. We consider the charge upon this point correct, so far as the nuisance was continued by the ordinary occupation of the premises; and the instructions of the Court excluded any damages for any thing proved, but the ordinary occupation of the premises, and that in reference to the plaintiff's cart-way. Upon this point, the plaintiff's counsel cited 3 Stark. Ev. 991, and 10 Mass. Rep. 74, *Staple* vs. *Spring et al.*

What is already said, disposes also of the testimony about some wood, placed so as to obstruct the use of the way as a foot-way, by Morrison alone. This, not obstructing the cart-way, is not within the declaration; and not being a part of the ordinary occupation, cannot be charged upon the other defendants. Upon this, also, the instructions were correct, being in favor of the defendants.

The defendants' counsel contended in argument, that the plaintiff had abandoned this way, before the injury complained of; and this destroyed his right of recovery, if such right would otherwise exist. This argument is urged upon the following facts :

When Stephens erected said fence, he moved a house on to the premises, and extended it about nine links to the north-east over his line, and into this way of the plaintiff; leaving only ten links for a passage, which is not sufficient for a carriage-way. Since which time it could not be, and has not been used for a cart-way; though there was proof

ADDISON,
January,
1833.

Rogers
vs.
Stewart et al.

of the plaintiff's drawing stone in the rear of the buildings, which it would have been more convenient for him to have drawn through this cart-way, had it been open.

The defendants' counsel agreed, that this cart-way, or right of way, was for the use and benefit of Rogers' property, in the rear of the Stephens' buildings, and the plaintiff suffering the obstruction to remain on his own land, must be considered an abandonment of the way. And further, that, while the house stands on the plaintiff's own land, and wholly obstructs the way, the plaintiff can suffer no damage from any other obstruction. While the plaintiff's counsel contend, in the first place, that, the whole of the different obstructions being put there at once by the same individual, neither he, nor any person claiming from him, can justify one part of them on the ground that another part would alone have produced the same effect. It is sufficient, that the part complained of, produces the effect. In the second place, the plaintiff's counsel contend, that finding both the house and fence in his way, it became his business to cause both to be removed. When he gets the fence removed, he may, if he pleases, remove the house by his own act, and open the way at once. The Court consider, that, if the plaintiff himself, had placed this house where it was placed by Stephens, extending on the plaintiff's land, so as wholly to obstruct this way, as a cart-way, the evidence of this would have been pertinent in proving an abandonment; but the plaintiff's neglecting to bring an appropriate action for the placing and continuing the house there, is no evidence of such abandonment, until a longer period has elapsed, than the one now proved; especially as the front fence, of which he now complains, was an entire obstruction of the same way. Any right the plaintiff may have, to bring trespass or ejectment for the placing and continuing the house partly upon his land; does not interfere with his right to maintain this action for the obstruction of the way.

The question of damages remains to be considered. The instructions to the jury upon this point were as follows: "The rule of damages is, what the plaintiff has lost by the interruption of the way during the period of the obstruction by the defendants, say from two to three years; not for

trespass on the plaintiff's own land by the house, for which he had other remedies, but for the loss of the way as a team

Rogers
vs.
Stewart et al.

and carriage-way." The defendant's counsel contend, that the jury should have been restricted to such damages as the plaintiff had sustained for the want of the way from the road or common by the church to the Stephens house, which stood partly on the plaintiff's land. And that he was entitled to no damage for that, because it was of no use for him to get there with his team, while he could go no further.

We consider that the plaintiff must be entitled to his reasonable damages for the loss of his way; and the defendant's objections to the full recovery in this action seem to suppose, that the plaintiff has his ample remedy, in an action for the placing and continuing the house on his land, for the injury he sustained by the loss of way. This is at best but doubtful. Whether it be so or not, the plaintiff may as well recover his whole damage in this suit, as if the other obstructions were named in the declaration: especially as this recovery will be a bar to any other action for obstructing the same way during the same period.

The judgement of the County Court is affirmed.

*Phelps*, *Bell* and *Starr*, for the defendants.

*Bates & Chipman*, for the plaintiff.