WILLIAM I. GINSBURG ET AL. *v.* PATRICK F. HOWLEY ET ALS.

February Term, 1943.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed May 4, 1943.

*Sidney M. Wolk* for the plaintiffs.

*Asa S. Bloomer* for the defendant, Howley.
*Lawrence & O'Brien* for the defendant, Nelson.
*Jones & Jones* for the defendant, Braves.
*Edward G. McClallen, Jr.,* for the defendant, Rutland Trust Company.

MOULTON, C. J. The issue in this cause is the same as that in Nelson v. Bacon, ante, p. 161, 32 A2d 140. The two proceedings were tried concurrently below and argued concurrently here. The same findings of fact apply to both.

The plaintiffs allege that they are tenants of the building on Merchants Row, in the city of Rutland, owned by the defendant Bravakis, and that the defendants Nelson and his lessee Howley have committed and threaten to commit certain trespasses under the claim that they are entitled to a right of way through a passageway extending across the second floor of the premises occupied by them. The relief sought is an adjudication of the respective rights and interests of the defendants in the use of the passageway. The decree below was that neither Nelson nor Howley had any right of way or right to use the passageway. Defendant Nelson has excepted.

The plaintiff Ginsburg claims that he withdrew from the case while it was pending, and before trial below. No such action appears by the files or the docket entries. His counsel asked leave to

withdraw their appearance, and the findings state that they did so, but Ginsburg himself was treated as being a party because he was awarded costs by the decree. Under these circumstances he is to be considered as still remaining in the case.

The decision in Nelson v. Bacon, *supra,* is controlling. For the reasons stated in that opinion the decree was erroneous, and the bill of complaint must be dismissed. Defendants Nelson and Howley are entitled to their costs, but not defendant Bravakis because her position on trial was that the right of way, if any, had been abandoned, and so was adverse to the claims of her co-defendants, who are the prevailing parties in this court.

*Decree reversed, and bill dismissed. Let the defendants Nelson and Howley recover their costs.*