JOHN G. NELSON *v.* ARTHUR BACON ET ALS.

February Term, 1943.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed May 4, 1943.

162

*Lawrence & O'Brien* for the plaintiff.

*Jones & Jones* for the defendant, Braves.
*Sidney M. Wolk* for the defendant, Bacon.
*Edward G. McClallen* for the defendant, Rutland Trust Company.

MOULTON, C. J. The plaintiff's bill of complaint alleges that he is the owner in fee of a business block on Merchants Row in the City of Rutland, and a right of way for use in connection therewith, through a passageway across the second floor of an adjoining building owned by the defendant Bravakis, upon which latter building the Rutland Trust Company holds a mortgage; that the defendant Bravakis and the defendant Bacon, her tenant, have obstructed the passageway and refuse to permit the plaintiff or his tenants to pass through it, and refuse to remove the obstructions, whereby the plaintiff is deprived of its use. The prayer is that the plaintiff be adjudged the owner of the right of way and that the defendants be enjoined from continuing the obstructions; from interfering with the removal of them; and from further obstructing or preventing the use of the passageway by the plaintiff and his tenants.

The answer of the defendant Bravakis puts the plaintiff to his proof as to his right to use the passageway; admits a refusal to remove the obstructions; recites several deeds in her chain of title in which no mention is made of the plaintiff's claimed right; and

alleges that the right of way if any, has been abandoned by the plaintiff. The answer of the defendant Rutland Trust Company is the same in substance. The answer of the defendant Bacon is little more than a general denial.

After hearing and filing findings of fact the Chancellor entered a decree for the defendants, and the cause is before this Court on the plaintiff's exceptions. Since the controversy is really between the plaintiff and the defendant Bravakis, the latter will hereinafter be referred to as the defendant, as if she were the only one.

The findings of fact contain the following: the plaintiff and the defendant own adjoining buildings on the east side of Merchants Row in the City of Rutland. The plaintiff's building is situated to the south of the defendant's building. North of the defendant's building and adjoining it is another building owned by Edward McClallen, and between these is a common stairway leading from the street to the second floor of both. There is a space $3\frac{3}{4}$ feet wide between partitions, extending from the stairway landing, across the second floor of the defendant's building to a door which opens upon the second floor of the plaintiff's building, through which, if it were unobstructed, one could pass from the stairway through a door leading into the latter building, and it is through this space that the plaintiff claims a right of way. The Chancellor states that he is unable to find that any other space has ever been used as a passageway for this purpose.

The land upon which the McClallen, plaintiff's and defendant's buildings stand was owned by Horace G. Clark, Alanda W. Clark and Norman Clark, who erected a business block thereon. On August 12, 1857, the Clarks, by warranty deed, conveyed to George White, "his heirs and assigns, forever, to them and their own proper use and behoof," a portion of the premises described as follows: "Beginning at the northwest corner of Artemas Pratt's lot on the east side of Merchants Row; then north in the line of Merchants Row 23 feet 8 inches to the center of the first partition from the south end of the building which we have lately erected on Merchants Row; then easterly parallel with said Pratt's north line 62 feet; then southerly in Landon's west line to said Pratt's north line; then westerly to the point of beginning . . . . and also the right (to be limited to the present building) to pass from the

common stairway on the second floor to and from the premises above conveyed . . . . said passage to be at least 3 feet wide and to be next east of the center of the building. . . . . " The grantee in this deed, George White, is the plaintiff's predecessor in title.

On the same day the Clarks conveyed, by warranty deed, to Joseph G. Foster and Israel D. Cole the premises "beginning in the east line of Merchant's Row at the northwest corner of the lot this day conveyed to George White; then north in the line of the street 22 feet 7 inches to a point opposite the center of the stairway in the building we have recently erected on Merchants Row; then east parallel with said White's north line 62 feet; then south on Landon's west line to said White's north line; then west in White's north line to the point begun at. . . . . We also reserve to said George White the right to pass from the common stairway on the second floor, cross the premises hereby conveyed, said passage to be at least three feet wide." The grantees in this deed, Foster and Cole, are the defendant's predecessors in title.

Some 14 or 15 years before May 27, 1942, a toilet was installed in the northerly part of the passage leading to the plaintiff's building, by a former owner of the defendant's building. It is not a public toilet, and is used by tenants of the defendant's and McClallen's premises, who have keys to it. In the southerly end of the passage there is now a closet, opening from defendant Bacon's barber shop on the second floor of the defendant's building, and the door leading to the plaintiff's building has been blocked by shelves. No one has used the space as a passageway to the plaintiff's premises during Bacon's occupancy of the barber shop, but how long this has continued does not appear.

Between 1873 and 1926 the defendant's building was owned by John W. Stearns or John B. Stearns and from about 1890 until December, 1917, John B. Stearns also leased the second floor of the plaintiff's building, and during a part of that time used the space as a passageway. The Chancellor states that such use was by virtue of Stearns' ownership of the building, and that except for it, he is unable to find that the plaintiff, or any of his predecessors in title, have made any continuous use of the space as a passageway, for a period of 15 years.

On November 21, 1922, the plaintiff leased his building to

Patrick F. Howley. The lease included "the right to use the stairway extending to the second and third stories of. said building, said stairway being a part of the premises of John B. Stearns," and provided that the lessee "agrees to use the stairway hereinbefore referred to . . . . at least once each year during said term in such manner as to protect the rights of the lessor in said stairway." Howley took possession of the leased premises in October, 1924, and the lease expired on November 1, 1939. Until the installation of the toilet, above mentioned, Howley continuously used the passageway, without hindrance, but the Chancellor states that he is unable to find that this use was anything more than permissive on the part of the defendant's predecessors in title. The toilet, however, was installed with Howley's consent, and the understanding was that it should be removed upon his request. When Howley took possession under his lease the only access to the second floor of the plaintiff's building was through the passageway. In 1924 and 1925 Howley erected a stairway inside the building, and this remained until 1935, when Howley sub-let the first floor to the Merrit Shoe Company. After the installation of the toilet Howley did not use the passageway, but about July 1, 1939, he attempted to open it, and was prevented from so doing. This attempt was without the knowledge of the defendant.

The Chancellor states that he is unable to find that the plaintiff's building is the same building referred to in the conveyances from the Clarks to White, and from the Clarks to Foster and Cole; that he is unable to find that any passageway was ever constructed or used in accordance with the terms of the deed from the Clarks to White; and that he is unable to determine whether the space in dispute was ever used as a passageway prior to the occupancy of the second floor of the plaintiff's building by Stearns or when the partitions forming the walls of the space were constructed, or when it was first used as a passageway. He finds that the space is not situated "next east of the center of the building" as the deed from the Clarks to White described it.

■ The plaintiff excepted to the failure to comply with his requested finding that the plaintiff's and defendant's blocks are the same building that was on the premises in 1857, at the time of the deeds from the Clarks to White and to Foster and Cole, on the

ground that such request was supported by all the evidence and that there was no evidence to the contrary. He also excepted to the statement that the Chancellor was unable to find that this was the fact, which, of course, was equivalent to a finding that the buildings are not the same as those existing in 1857. *Partridge* v. *Cole,* 98 Vt 373, 377, 127 A 653; *Wright* v. *Godin,* 108 Vt 23, 26, 182 A 189.

An affirmative finding on this issue is vital to the plaintiff's case, for, as we have seen, the right of way granted in the deed to his predecessor in title was "limited to the present building."

From the exhibits in the case it is clear that the block, as it stood in 1857, was in three sections with a common stairway from the street between the northerly and middle sections, with a passageway leading from the head of the stairs on the second floor across the middle section to the southerly section. A lifelong resident of Rutland testified to his knowledge of the block, as it is at present, since about 1875. Two other witnesses gave evidence of their acquaintance with it, one since before 1890, and the other since about 1895. All of these witnesses were uncontradicted and unimpeached. There was no oral evidence concerning the block covering the interval between 1857 and 1875.

The existence of a thing, permanent in its character, once established, is presumed to continue thereafter until the contrary is shown. *Sowles* v. *Carr,* 69 Vt 414, 416, 38 A 77; *Martin* v. *Curtis,* 67 Vt 263, 265, 31 A 296; *Farr, Admr* v. *Payne,* 40 Vt 615, 617. The rule has been stated by the late Mr. Justice Taylor in *Smith* v. *Martin,* 93 Vt 111, 129, 106 A 666, 674, as follows: "The established rule is that the court will infer that the particular fact or set of facts continues to exist so long as such facts usually, as a matter of experience, have been found to continue. . . . . The probative value of such evidence will depend upon the length of time intervening and the persistent or mobile nature of the subject-matter to which the inference is applied. When the subject-matter is of a permanent nature, but slightly subject to or affected by change of condition, considerable time may elapse without destroying the force of the inference. On the other hand, if the subject-matter is of a changeable nature, establishing its condition at a certain time would furnish no rational basis for an inference

that it was in the same condition, at some previous time, especially if the time was somewhat remote."

■ A business block, of the description of the one "lately erected" in 1857 is not of a changeable or temporary nature, but of sufficient permanence to warrant the presumption that it was still standing in 1875, nothing to the contrary being shown. The burden of proving the identity was, of course, upon the plaintiff. While the presumption had no probative quality, *Tyrrell* v. *Prudential Ins. Co.,* 109 Vt 6, 23, 192 A 184, 115 ALR 392, it had the effect of casting the burden upon the defendant to produce evidence that the building of 1857 was not the one at present occupying the site. *Sowles* v. *Carr, supra*; *Rixford* v. *Miller,* 49 Vt 319, 326; *Farr, Admr.* v. *Payne, supra*; and see the Tyrrell case above cited. No evidence was introduced to meet the presumption.

But this is not all. The block as it now stands corresponds in several respects to the building conveyed by the Clarks by their deeds to White and to Foster and Cole. It is composed of three sections; there is a common stairway from the street between the northerly and middle sections; and, before the obstruction of it, there was a passageway leading from the head of the stairway on the second floor across the middle section to a door opening into the southerly section. Furthermore, the various deeds in the plaintiff's claim of title are strongly corroborative of his claim. The deed from George White (the grantee of the Clarks) and his wife to William B. Mussey, dated February 1, 1860, conveyed "also the right to be limited to the present building upon said premises, to pass from the common stairway on the second floor in the building on the premises hereby conveyed said passage to be at least three feet wide and to be next east of the centre of the building." Mussey owned the building at the time of his death, and in accordance with his will, the property passed, in equal undivided shares to Eunice A. Mussey and Mary E. Jackson. Mrs. Jackson and her husband conveyed their undivided half share therein to Brown and Garrett on October 20, 1907, including their right to the passageway "to be limited to the present building." The same right, in the same terms, was conveyed by Brown and Garrett to W. F. Nelson on May 14, 1909, and by W. F. Nelson to the plaintiff on January 17, 1912. And on October 18, 1920,

Eunice A. Mussey and her husband conveyed their undivided one half interest, including their right to the passageway "limited to the present building" to the plaintiff. The recurring phrase, just quoted, appearing as it does in every deed in the plaintiff's chain of title, is strong indication that the building remained the same throughout.

With the record standing thus, upon the uncontradicted evidence and exhibits, the request of the plaintiff for a finding as to the identity of the building with the building existing in 1857 should have been granted and the refusal to comply with it was error.

█ The defendant argues that the plaintiff can have no right to the use of the passageway because in the deed from the Clarks to Foster and Cole of August 12, 1857, the phrase "We also reserve to the said George White the right to pass from the common stairway on the second floor, cross the premises hereby conveyed, said passage to be at least three feet wide" is not an exception to the grant to them but a reservation, and there being no words of inheritance attached thereto, White received nothing that his successors in title could acquire. The fallacy of this claim is apparent. White's right was what he received under his deed from the Clarks, and this was an easement appurtenant to the portion of the building conveyed to him, and as such, by the terms of the deed, it passed to his assigns. *Dee* v. *King*, 77 Vt 230, 240, 59 A 839, 68 LRA 860; *Deavitt* v. *Washington County*, 75 Vt 156, 161, 53 A 563; *Mason* v. *Horton*, 67 Vt 266, 269, 31 A 291, 48 Am St Rep 817.

█ Furthermore, the language in the deed to Foster and Cole is not to be construed as a reservation but as an exception. The use of the word "reserve" is not controlling. The terms "reservation" and "exception" are often used as synonymous, and the intention of the parties, not the language used, is the dominating factor, and the circumstances existing at the time of the execution of the deed, the situation of the parties and the subject-matter are to be considered. *Haldiman* v. *Overton*, 95 Vt 478, 481, 115 A 699; *Smith's Ex'r* v. *Jones*, 86 Vt 258, 259, 84 A 866; *Dee* v. *King*, 77 Vt 230, 237, 59 A 839, 68 LRA 860; *Keeler* v. *Wood*, 30 Vt 242, 246; *Stockwell* v. *Couillard*, 129 Mass 231, 233. Tech-

nically, a reservation is some newly created right, which the grantee impliedly conveys to the grantor, while an exception is something withheld from a grant which would otherwise pass as a part of it. *Smith's Ex'r.* v. *Jones, supra,* p. 260, 84 A 866; *Keeler* v. *Wood, supra.* While under the common law an easement in fee cannot be created by way of reservation without words of inheritance (*Smith's Ex'r* v. *Jones, supra; Bailey* v. *Agawam Nat. Bk.,* 190 Mass 20, 23, 76 NE 449, 3 LRANS 98, 112 Am St Rep 296), if an easement is made the subject of an exception, technical words of limitation are not necessary. *Dee* v. *King, supra,* p. 239, 59 A 839, 68 LRA 860. A reservation, moreover, cannot create an estate or interest in a stranger to the deed, but can operate only to the benefit of the grantor therein. *Bessom* v. *Freto,* 13 Metc., Mass, 523, 525; *Murphy* v. *Lee,* 144 Mass 371, 374, 11 NE 550; *Herbert* v. *Pue,* 72 Md 307, 20 A 182, 183; *Bartlett* v. *Barrows,* 22 RI 642, 49 A 31, 32; *Deaver* v. *Aaron,* 159 Ga 597, 126 SE 382, 39 ALR 126, 128; 3 Washburn Real Property, (3rd ed.), 377 para. 67; and see cas. cit. annotation, 39 ALR 129. An effective exception may be made in favor of a third person not a party to the deed, in recognition and confirmation of a right already existing in him. *Fusaro* v. *Varrecchione,* 51 RI 35, 150 A 462, 463; *Beckley Nat. Exchange Bank* v. *Lilly,* 116 W Va 608, 182 SE 767, 102 ALR 462, 470; *Haverhill Svgs. Bank* v. *Griffin,* 184 Mass 419, 421, 68 NE 839; *Deaver* v. *Aaron,* 159 Ga 597, 126 SE 382, 39 ALR 126, 127; and cases cited, annotation 39 ALR 32. The deed of the Clarks to White and their deed to Foster and Cole were dated on the same day and there is no finding as to which one was first executed and delivered. But the deed to Foster and Cole refers to premises already granted to White, and so it appears that the phrase "we also reserve to George White etc." must be taken as referring to an easement already granted to White, and therefore constitutes a valid exception in his favor. The title acquired by him under his deed cannot be affected by the fact that the exception is not mentioned in the subsequent deeds in the defendant's chain of title. The clause in the deed to Foster and Cole constituted notice of the existence of an easement, and was sufficient to put upon subsequent grantees the duty of inquiry as to its nature. *Dahm Realty Corp'n* v. *Cardel,* 128 NJ Eq. 222, 16 A2d 69, 71; *Stockwell* v. *Couillard,* 129 Mass 231, 232-3.

The plaintiff excepted to the finding that the passageway is not situated "next east of the center of the building" and to the failure to comply with his request to find, that it was partly to the east and partly to the west of the center. The uncontradicted evidence showed that the width of 3 feet 9 inches extended some 2 feet 5 inches to the east of the center line, the balance lying to the west. While the finding, taking it with reference to the entire width, was correct, the plaintiff was entitled to a compliance with his request. It is a necessary inference that the partitions enclosing the passageway were erected by the Clarks or by some one of their grantees of what is now the defendant's building. It appeared that the passage has been in the same position for 52 years, no witness having been found to testify to its location at an earlier time. The discrepancy between the location of the passage as described in the deed and its actual location cannot avail the defendant. The finding is that no other passage has ever been used as a means of access to the second floor of the plaintiff's building. It seems clear that it is the passage the use of which was intended to be granted as an appurtenance to the latter premises.

The plaintiff requested the Chancellor to find that there had been no abandonment of the right of way, either by him or by his predecessors in title, and took an exception to the failure to comply with the request. No finding whatever was made upon this subject.

It is unnecessary to consider this exception, since the findings as made support the plaintiff's claim. The question whether there has been an abandonment of an easement is one of fact (*Arcise* v. *Pietrowski,* 268 Mass 140, 167 NE 298, 300; *Schroeder* v. *Taylor,* 104 Conn 596, 134 A 63, 68), and the burden of proof is upon the party asserting it—in this case, upon defendant. *Adams* v. *Hodgkins,* 109 Me 361, 84 A 530, 531, 42 LRANS 741; *Brunotte* v. *DeWitt,* 360 Ill 518, 196 NE 489, 496. If the fact were fairly inferable from the other facts found we would assume, in support of the decree, that the Chancellor drew the inference of its existence in favor of the prevailing party, but we cannot supply the omission of an essential fact which does not appear as a reasonable deduction from the findings. *Manley Bros. Co.* v. *Somers,* 100 Vt 292, 297, 137 A 336; *Johnson* v. *Samson's Est.,* 113 Vt 38, 29 A2d 919, 921, and cases cited.

An easement created by deed is not extinguished by mere non-user, no matter how long continued. *County of Addison* v. *Blackmer,* 101 Vt 384, 390, 143 A 700 ; *Graham* v. *Safe Harbor etc. Corp'n,* 315 Pa 572, 173 A 311, 312 ; *Hasselbring* v. *Koepke,* 263 Mich 466, 248 NW 869, 93 ALR 1170, 1179 ; *Adams* v. *Hodgkins,* 109 Me 361, 84 A 530, 532, 42 LRANS 741 ; *Hayford* v. *Spokesfield,* 100 Mass 491, 494 ; *Les* v. *Alibozek,* 269 Mass 153, 168 NE 919, 66 ALR 1094, 1097 ; and see cas. cit. annotations 1 ALR 884 ff ; 66 ALR 1099 ff. One who acquires title to an easement in this manner has the same right of property therein as an owner of the fee and it is not necessary that he should make use of his right in order to maintain his title. *Tichman* v. *Straffin,* 54 R.I. 356, 173 A 78 ; *Adams* v. *Hodgkins,* 109 Me 361, 84 A 530, 532, 42 LRANS 741. In order to establish an abandonment there must be, in addition to non user, acts by the owner of the dominant tenement conclusively and unequivocally manifesting either a present intent to relinquish the easement or a purpose inconsistent with its future existence. *Dubinsky* v. *Cama,* 261 Mass 47, 158 NE 321, 324 ; *Eddy* v. *Chace,* 140 Mass 471, 472, 5 NE 306 ; *Yunkes* v. *Webb,* 339 Ill 22, 170 NE 709, 711 ; *Schroeder* v. *Taylor,* 104 Conn 596, 134 A 63, 66 ; *First Nat. Trust and Savings Bank* v. *Smith,* 284 Mich 579, 280 NW 57, 116 ALR 1074, 1078 ; *O'Neill* v. *O'Hare,* 254 NY 186, 172 NE 464, 465.

The facts as found are far from being sufficient to warrant an inference that the plaintiff or any of his predecessors in title have pursued a course of action conclusively and unequivocally demonstrating an intent to relinquish the right to the use of the passageway. At most, only a nonuser is shown, and even this, in recent years, has been more or less intermittent. The erection of the interior stairway in the plaintiff's building by Howley, the lessee, and its existence for some ten years, does not supply the deficiency. During part of this time the passageway was in use. And the fact that the grantee of a right of way "finds another way more convenient does not deprive him of this right which remains for his use and enjoyment whenever he has occasion to exercise the right." *Tichman* v. *Straffin,* 54 R.I. 356, 173 A 78. Obviously, the finding to the effect that whatever use was made of the passageway was permissive on the part of the defendant or her prede-

cessors in title cannot affect the right acquired under the deeds in the plaintiff's chain of title. Upon the record, therefore, no abandonment is made to appear.

An easement may be extinguished by open, notorious, hostile and continuous possession on the part of the owner of the servient tenement for the statutory period of 15 years. *Scampini* v. *Rizzi,* 106 Vt 281, 286, 172 A 619. The burden of proof is upon the party asserting such possession. *Pope* v. *Hogan,* 92 Vt 250, 258, 102 A 937. But there would be no basis in the findings for this claim, even if the issue had been raised by the answer. The toilet that obstructed the passage was installed by a former owner of the Bravakis building after obtaining the consent of Nelson's lessee, Howley, upon the understanding that it would be removed upon the latter's request, and plainly this was not adverse to the rights of Nelson. When the closet at the other end of the passage was installed does not appear and it cannot be inferred that it was placed there more than 15 years before the commencement of suit. There is, moreover, no finding that this was done under a claim of right.

As bearing upon his title the plaintiff offered in evidence the original probate record of the decree of distribution in the estate of William B. Mussey, which was excluded subject to his exception. But a certified copy of the record was later received, and so the error, if any, was harmless. See *Paska* v. *Saunders,* 103 Vt 204, 212, 153 A 451; *Girard* v. *Vt. Mut. Fire Ins. Co.* 103 Vt 330, 336, 154 A 666. Besides, the court has found that the plaintiff owns, that is, has title to, the building adjoining the defendant's building on the south.

It is not necessary to consider the other exceptions briefed by the plaintiff. Enough has appeared to show that he is entitled to the injunction he seeks.

*Decree reversed and cause remanded. Let a new decree be entered in accordance with the views expressed in the foregoing opinion.*