C. E. SABINS ET UX v. CHARLES R. McALLISTER ET UX.

(76 A2d 106)

May Term, 1950.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS and BLACKMER, JJ.
Opinion Filed October 3, 1950.

*Sylvester & Ready* for the plaintiffs.

*N. Henry Press* for the defendants.

JEFFORDS, J. This is a suit in equity brought to determine a certain boundary line and the rights of the parties in and to a driveway. A decree favorable to the plaintiffs was entered and the case

is here on the exceptions of the defendants. At the hearing before us all questions relating to the decree as far as the boundary line is concerned were waived.

The facts here material as found by the chancellor are as follows : The plaintiffs and the defendants are neighbors. The premises of the plaintiffs are immediately north of those of the defendants, and both front on the easterly side of North Main Street in St. Albans. The plaintiffs have had their title since June 12, 1943, and the defendants have had theirs since April 18, 1925. Both titles trace to Eliza M. Stonegrave who once owned the land comprising both properties. In October, 1919, she conveyed the lot now owned by the plaintiffs to Charles and Mary Warner. In the deed (Defts.' Ex. C) the following language appears : "The driveway on the lot herein conveyed is to be used in common with the lot adjoining on the south (not herein conveyed)."

The chancellor found that by the above quoted language the grantor retained a right to use the driveway as the owner of the lot on the south. He also found that this language is not in itself sufficient to create a right running with the land and that the grantor never intended nor attempted to make it run with the land and made no mention of this right in her deed to the defendants of April 18, 1925.

The chancellor then found that if the defendants did acquire a right to use the right of way over the plaintiffs' premises in common with the plaintiffs, or their predecessors in title, that such right has been extinguished by adverse possession or abandonment, or both. An express finding was made that the plaintiffs' use, and that of their predecessors in title, of the driveway on their premises has been open, notorious, continuous, exclusive, and under a claim of right for a period of more than fifteen years.

Other findings on these two matters we summarize as follows: Until just prior to the bringing of this suit, both the defendants and the plaintiffs, and their predecessors in title, regarded the driveway on the plaintiffs' premises as exclusively the plaintiffs' and the latters' constant and exclusive use thereof was on that basis. The defendants never knew about, claimed or used any right of way on the plaintiffs' premises until just prior to the bringing of this suit. In 1925, when the defendants acquired title to their lot, or soon thereafter, there was a fence constructed between the two lots and the defendants so constructed their house and so maintained the-

fence between the lots, that use of the driveway on the plaintiffs' lot by the defendants became virtually impractical and it was abandoned by the defendants and a driveway on the southern part of the defendants' lot was put in use by them. Some fifteen or sixteen years ago the defendants reconstructed this fence putting in steel railroad rails in many of the holes where the old posts of the then existing fence had been for many years previously. At the present time on the southerly sides of both premises there are driveways leading into the respective lots from the street. The driveway of each property enables the owners thereof to have all access needed for the full and reasonable enjoyment of their premises without resort to any other driveway. The defendants personally never made use of the plaintiffs' driveway. Such use as may have been made of it as a means of reaching the defendants' house was by tradespeople and the defendants' child. The use by tradespeople was not made with reference to any right of the parties, nor by any reason of necessity, but because of special convenience. The use made by the child was the wayward use of a boy and of no legal significance.

The first question to be considered is the nature of the right to use the driveway in common set forth in defendants' exhibit C. The chancellor, in effect, held that this was a right personal to the grantor. To put it differently and more fully, he held that the right retained was an easement in gross and not one appurtenant to the lot now owned by the defendants. In determining this question the intent of the parties, to be gathered from the nature of the subject matter and the language used in the deed, must control. *Hill* v. *Shorey,* 42 Vt 614, 619; *Cooney* v. *Hayes,* 40 Vt 478, 482, 94 Am Dec 425; Easements, 17 Am Jur § 10; Easements, 28 CJS page 636 et seq. The chancellor found that the grantor did not intend to make the right run with the lot not conveyed i.e. that the grantor did not intend to create an easement appurtenant to that lot. This finding is erroneous. There is nothing in the relation of the grantor, Stonegrave, and the grantees, the Warners, to each other, nor in the nature and character of the right in question, that shows it to be a mere personal right or that it was so intended. There is nothing to indicate that Mrs. Stonegrave had any personal interest in securing a right of way distinct from her interest as owner of the lot not conveyed. A construction that an easement is one appurtenant rather than in gross is favored. See Am Jur and CJS citations, supra. In *Cooney* v. *Hayes, supra,* the reserved right, tending

more than the one here to lend itself to be construed as personal, was held to be appurtenant. See *Deavitt* v. *Washington County,* 75 Vt 156, 53 A 563, for a case where the language used in creating the easement was similar to that here used and the right was held to be one appurtenant.

It is true, as found by the chancellor, that no mention of the right in question was made in the deed from Mrs. Stonegrave to the defendants. But such mention was not necessary to the passing of the right for, as we have seen, it was a right appurtenant to the land so conveyed and went with it. *Deavitt* v. *Washington County, supra; Dee* v. *King,* 77 Vt 230, 240, 59 A 839, 68 LRA 860; *Phillips* v. *Cutler,* 89 Vt 233, 235, 95 A 487; Restatement of the Law, Property, Ch. 40 § 487, Comment a.

Moreover, by the *habendum* in their deed the defendants took the premises "with all the privileges and appurtenances thereof." As the easement in the driveway was legally appurtenant to the granted premises it was an appurtenance conveyed by the habendum. *Swazey* v. *Brooks,* 34 Vt 451, 454; *Haldiman* v. *Overton,* 95 Vt 478, 482, 115 A 699.

Since the driveway was in existence at the time of the conveyance from Mrs. Stonegrave to the Warners the easement was created by an exception and not as a reservation. *Smith's Exr.* v. *Jones,* 86 Vt 258, 259, 84 A 866; *Dee* v. *King, supra.* Thus no technical words of limitation were necessary to its creation. *Nelson* v. *Bacon,* 113 Vt 161, 170, 32 A2d 140.

The question of whether there is sufficient evidence to sustain the chancellor's findings of adverse possession is raised by the defendants' exceptions. Our rule for gaining title to land by adverse possession is that a possession that will work an ouster of the owner must be open, notorious, hostile and continuous. The tenant must unfurl his flag on the land, and keep it flying so that the owner may see, if he will, that an enemy has invaded his dominion and planted his standard of conquest. Adverse possession, in order to be effective to extinguish an easement, must be open, unequivocal, continued, and equivalent to an ouster of the dominant owner, and incompatible with the possession and use by him. *Scampini* v. *Rizzi,* 106 Vt 281, 286, 172 A 619.

In their brief the only evidence cited by the plaintiffs in support of the findings as to adverse possession comes from the testimony of the witness Percy Warner who was their grantor. But the

testimony of this witness falls far short of producing any evidence tending to prove any of the elements necessary to establish an exclusive title or right to the driveway in or to the plaintiffs by adverse possession. His testimony was only to the effect that during his period of ownership of the premises, which lasted for about seven years, the defendant Charles McAllister never made any claim to him (Warner) of having any right, title or interest in and to the driveway and that during his ownership his tenants used the driveway at all times. A careful search of the transcript revealed no evidence from any witness tending to prove the necessary elements, the burden of proving all of which being on the plaintiffs. *Nelson* v. *Bacon,* 113 Vt 161, 173, 32 A2d 140.

The defendants and the plaintiffs and their predecessors in title were tenants in common in the easement. Cotenancy, 14 Am Jur § 19. As such, each had the right to use the driveway. There is no evidence in the case tending to show that the plaintiffs, or their predecessors in title, made any such use to which objection could properly have been made by the defendants. Thus no right to the exclusive use by adverse possession was obtained. *Arnold* v. *Stevens,* 24 Pick 109, 41 Mass 106, 35 Am Dec 305. The rule in such cases has previously been stated by this Court as follows: "If a co-tenant enter upon the whole or part of the common property, as he has a legal right to do, the law presumes that he intends nothing beyond an assertion of his right. In order to sever his relation as co-tenant, and render his possession adverse, it must be affirmatively shown that the other co-tenants had knowledge of his claim of exclusive ownership, accompanied by such acts of possession as were not only inconsistent with, but in exclusion of, the continuing rights of the other co-tenants, and such as would amount to an ouster as between landlord and tenant." *Vt. Marble Co.* v. *Eastman,* 91 Vt 425, 465, 101 A 151, and cases cited. The plaintiffs have failed to bring themselves within the rule.

The last question to be considered is whether the chancellor erred in finding abandonment of the rights of the defendant in and to the driveway. The rule on this subject was recently stated, with citations here omitted, in *Nelson* v. *Bacon, supra,* at page 172 as follows: "An easement created by deed is not extinguished by mere non-user, no matter how long continued. One who acquires title to an easement in this manner has the same right of property therein as an owner of the fee and it is not necessary that he should

make use of this right in order to maintain his title. In order to establish an abandonment there must be, in addition to non-user, acts by the owner of the dominant tenement conclusively and unequivocally manifesting either a present intent to relinquish the easement or a purpose inconsistent with its future existence. * * * And the fact that the grantee of a right of way finds another way more convenient does not deprive him of this right which remains for his use and enjoyment whenever he has occasion to exercise the right." In *Mason* v. *Horton,* 67 Vt 266, at 271, 31 A 291, 48 Am St Rep 817, it is stated that, "The owner of the servient estate must have relied or acted upon such manifest intention to abandon the right so that it would work harm to him if the easement was thereafter asserted."

We will assume, without so deciding, that the findings show non-user and that there is sufficient evidence to support such findings. The only act in addition to non-user which might be considered as showing an intention on the part of the defendants to abandon their easement, or to evidence a purpose inconsistent with its future existence, is their maintenance of the fence on the northerly side of their property. If this fence had been constructed by the defendants, the finding of abandonment might have been warranted. But the evidence is all to the effect that it was there when they bought their lot and that they have merely repaired and maintained it since that time. Such acts on their part cannot be said to manifest conclusively and unequivocally an intent to abandon their easement or to show a purpose inconsistent with its future existence. *Rogers* v. *Stewart,* 5 Vt 215, 217, 26 Am Dec 296. Nor did the construction of their house by the defendants and their maintenance of the fence wholly obstruct the driveway, its use from such construction and maintenance being merely limited. Moreover, there is no finding that the plaintiffs are or would be harmed by the assertion of the defendants of their right in the driveway.

We realize that the question whether there has been an abandonment of an easement is one of fact. *Nelson* v. *Bacon, supra,* at page 171. We agree, however, with the defendants that there is no supporting evidence for the finding of abandonment.

But apart from the question of supporting evidence, the finding to the effect that the defendants knew nothing about their right of way in the driveway until just prior to the bringing of this suit shows conclusively that the finding of abandonment was unwar-

ranted. As we have seen, in order to establish an abandonment an intent to relinquish the right in question must be shown. See also 1 Am Jur Abandonment, §§ 8 and 9. The burden of proving an abandonment is upon the party asserting it—in this case, upon the plaintiffs. *Nelson* v. *Bacon, supra,* at page 171. It is obvious that if the defendants were unaware of their right until just prior to the bringing of this suit they could not have had any intention to abandon it up to that time and there is no finding that they have done anything since then tending to show such an intention.

*Decree reversed and cause remanded. Let a new decree be entered with the same provisions contained in the first three paragraphs of the one excepted to, with the exception that paragraph 2 thereof is to be modified by striking therefrom the injunction insofar as it applies to the driveway therein described. Costs in this Court to the defendants.*