**Francis J. Timney and Susan F. Timney v. Lynton A. Worden, Jr. and Jane R. Worden**

[417 A.2d 923]

No. 332-79

Present: **Barney, C.J., Daley, Larrow, Billings and Hill, JJ.**

Opinion Filed June 10, 1980

*Richard M. Gale,* Brattleboro, for Plaintiffs.

*John S. Burgess,* Brattleboro, for Defendants.

**Hill, J.** Defendants appeal from an order of the Windham Superior Court enjoining them from using an alleged easement across plaintiffs' land. On a previous appeal in this matter we returned the case to the lower court, since it had failed to make findings of fact and conclusions of law after an appropriate request had been made. *Timney* v. *Worden,* 136 Vt. 634, 392 A.2d 959 (1978). On remand the court made findings and conclusions and again rendered judgment in favor of plaintiffs. The defendants now claim that the factual findings do not support the conclusions and that the evidence does not support the findings.

Admittedly the findings are not a paragon of completeness and clarity, but it is the duty of this Court to look for all reasonable inferences to support the result reached if it can reasonably do so. *Frost* v. *Tisbert,* 135 Vt. 345, 347, 376 A.2d 748, 750 (1977). We are able to do so in the present case and, accordingly, affirm.

A review of the record discloses that in 1947 Harold Deyo and his wife obtained title to a 5.1 acre parcel of land having no frontage on a public highway but having a right of way along its northern border extending easterly to Vermont Route 30. In 1948, the Deyos conveyed the southerly 3.1 acres to parties named Varnum, defendants' predecessors in title. Included in the deed was an appurtenant easement "in common with others, of a right of way 20 feet in width to be travelled on foot or by vehicles, over the remaining land of the Grantors, for the purpose of ingress or egress from the main highway to the above granted premises." The same easement was also granted in the deed by which defendants received title.

In 1952, the Deyos further conveyed the approximately one acre parcel of land lying next to and immediately to the north

of the Varnum tract to persons named Thomas, plaintiffs' predecessors in title. In this conveyance they granted an easement for "the use, in common with others, of a right of way 20 feet in width to be travelled on foot or by vehicles over remaining land of the Grantors, over the route of the present existing roadway, for the purpose of ingress or egress from the main highway to the above premises." The Deyos retained for themselves the northernmost acre of the original 5.1 acre parcel.

Given these facts it is apparent that the easement in question traversed the land sold by the Deyos to the Thomases (now owned by the Timneys) and the land retained by the Deyos, and linked up with the original right of way obtained by the Deyos in 1947. As a result, the court had to conclude that the easement now claimed by the defendants did exist in 1948. The court concluded, however, that the defendants did not have an easement by express grant. On its face this conclusion is inconsistent with and not justified by the facts recited. But although this conclusion was erroneous, it is not fatal to plaintiffs' case, since the court further concluded that if the easement had been granted it was abandoned. And the court's conclusion regarding abandonment, or in this case more accurately extinguishment by adverse user, is supported by the evidence. V.R.C.P. 52; *Tallarico* v. *Brett*, 137 Vt. 52, 58, 400 A.2d 959, 963 (1979).

 It has long been the law of this state that an appurtenant easement can be defeated either by abandonment on the part of the grantee of the easement or by extinguishment by the conduct of the owner of the servient estate. See, e.g., *Russell* v. *Pare*, 132 Vt. 397, 321 A.2d 77 (1974); *Sargent* v. *Gagne*, 121 Vt. 1, 147 A.2d 892 (1958); *Sabins* v. *McAllister*, 116 Vt. 302, 76 A.2d 106 (1950); *Mason* v. *Horton*, 67 Vt. 266, 31 A. 291 (1894). In the former instance, acts on the part of the holder of the easement that evidence an intent to relinquish the easement or a purpose inconsistent with its future existence, *Scott* v. *Leonard*, 119 Vt. 86, 99, 119 A.2d 691, 699 (1956), coupled with detrimental reliance by the owner of the servient estate on such a manifested intent or purpose, *Massucco* v. *Vermont College Corp.*, 127 Vt. 254, 258, 247 A.2d 63, 65 (1968), will serve to defeat the easement. *Russell* v. *Pare*,

*supra.* In the latter instance, the rule was stated by Mr. Justice Sherburne in *Scampini* v. *Rizzi*, 106 Vt. 281, 172 A. 619 (1934):

> It is obvious that an easement can be extinguished as well as acquired by adverse possession for fifteen years under our statute. Our rule for gaining title to land by adverse possession is that a possession that will work an ouster of the owner must be open, notorious, hostile, and continuous. ["]The tenant must unfurl his flag on his land, and keep it flying so that the owner may see, if he will, that an enemy has invaded his dominions and planted his standard of conquest.["] *Wells* v. *Austin,* 59 Vt. 157, 165, 10 Atl. 405. Adverse possession, in order to be effective to extinguish an easement, must be open, unequivocal, continued, and equivalent to an ouster of the dominant owner, and incompatible with the possession and use by him.

*Id.* at 286, 172 A. at 621. In either case, mere nonuse, no matter how long, will not serve to defeat an easement. *Nelson* v. *Bacon,* 113 Vt. 161, 172, 32 A.2d 140, 146 (1943).

Defendants argue, and we think rightfully, that the findings and evidence were insufficient to sustain the conclusion that the easement was abandoned by the defendants or their predecessors in title. We disagree, however, with defendants' second argument that the findings and evidence were insufficient to sustain the conclusion that the easement was extinguished by plaintiffs and their predecessors in title.

The lower court made the following findings:

> 10. During the 1950's, Thomas [plaintiff's predecessor in title] dug a cellar hole on what is now Plaintiff's lot which would block any alleged easement or right-of-way.
>
> . . . .
>
> 13. During 1971 one Cobb [also plaintiff's predecessor in title] constructed a dwelling on the cellar hole dug by Thomas . . . .

Although the court did not explicitly state that these findings constituted an extinguishment, when viewed in light of the

supporting evidence that conclusion is inescapable. It is difficult to conceive of a situation more open, notorious, and hostile than the digging of a cellar hole directly in the path of the alleged easement and the subsequent construction of a house thereon. Certainly there was nothing stealthy or hidden about these acts that would serve to negate their openness and notoriousness. Similarly the record indicates that plaintiffs and their predecessors used their land in a manner inconsistent with the continuance of the easement. The use was not pursuant to permission granted by defendants or their predecessors, but rather was plainly hostile. Finally, the evidence reveals that the use continued for the requisite fifteen-year period. See *Wells* v. *Austin*, 59 Vt. 157, 165, 10 A. 405, 409 (1886). In light of this evidence, we are unable to say that the lower court's findings were clearly erroneous, or that the findings did not support the legal conclusion of extinguishment.

*Affirmed.*