## Lague, Inc. v. Cecil A. Royea, Jr. and Vicki Royea

[568 A.2d 357]

No. 86-219

Present: Allen, C.J., Peck, Gibson, Dooley and Mahady, JJ.

Opinion Filed September 15, 1989

*Kerry B. DeWolfe,* Montpelier, for Plaintiff-Appellant.

*Michael Carver,* Montpelier, for Defendants-Appellees.

**Mahady, J.** Defendants constructed a truck stop on their parcel of land in the Town of Berlin. Plaintiff owned two deeded and recorded rights of way through the parcel. One right of way, sixty feet wide, passed through the center of defendants' property from the street to the back boundary line. The second, thirty feet wide, passed through the front of the property. Both rights of way were depicted in maps on file in the land records. Defendants' construction encroached upon plaintiff's rights of way.

The trial court concluded that plaintiff had abandoned the rights of way and entered judgment in favor of defendants. We reverse and remand for a new trial.

## I.

The trial court made no finding that defendants relied upon the claimed abandonment of the rights of way. During construction defendants placed fuel pumps within the thirty-foot right of way. Their restaurant extends twenty feet into the sixty-foot right of way, and a garage extends ten to fifteen feet into the same right of way. The testimony of defendants at trial strongly indicated that they took such action in reliance upon their surveyor's erroneous opinion that the rights of way had been extinguished, not in reliance upon a belief that the easements had been abandoned by plaintiff.

The first issue is therefore squarely presented: May an easement be extinguished by abandonment absent reliance by the

owner of the servient tenement upon acts of abandonment on the part of the owner of the easement?

The clear weight of authority does not require such reliance although a minority of jurisdictions hold "that an indication of intention to abandon the easement is not effective to extinguish the easement unless the owner of the servient tenement is induced thereby to make expenditures or otherwise to alter his position, thus in effect making the question of abandonment a question of estoppel." 3 H. Tiffany, The Law of Real Property § 825, at 388 (3d ed. 1939). The Restatement adopts the majority view. Restatement of Property § 505 (1944).

Vermont has long recognized the principle of abandonment. *Rogers v. Stewart*, 5 Vt. 215, 216–17 (1833). We have been clear that an easement acquired by deed cannot be extinguished by nonuse alone, no matter how long it continues. However, our precedents as to the requirement of reliance are confusing and inconsistent. Initially, we clearly adopted the minority view and held that an abandonment must "originate in, or be accompanied by, some unequivocal acts of the owner, inconsistent with the continued existence of the easement; and showing an intention on his part to abandon it; *and* the owner of the servient estate must have relied or acted upon such manifest intention to abandon the right so that it would work harm to him if the easement was thereafter asserted." *Mason v. Horton*, 67 Vt. 266, 271, 31 A. 291, 292–93 (1894) (emphasis added). We subsequently cited *Mason* with approval in *Percival v. Williams*, 82 Vt. 531, 538, 74 A. 321, 323 (1909), and *County of Addison v. Blackmer*, 101 Vt. 384, 391, 143 A. 700, 702 (1928).

The seeds of future confusion were sown in *Nelson v. Bacon*, 113 Vt. 161, 32 A.2d 140 (1943). In that case we set forth the rule that "to establish an abandonment there must be, in addition to nonuser, acts by the owner of the dominant tenement conclusively and unequivocally manifesting either a present intent to relinquish the easement or a purpose inconsistent with its future existence," but did not refer to reliance. *Id.* at 172, 32 A.2d at 146. To support this position we relied upon various cases from Massachusetts, Illinois, Connecticut, Michigan and

New York. We did not cite *Mason*, which had explicitly required reliance, but neither was *Mason* explicitly overruled.

However, in *Sabins v. McAllister*, 116 Vt. 302, 76 A.2d 106 (1950), we unequivocally returned to the requirement of reliance. We relied upon *Nelson* for the general abandonment rule, and we relied on *Mason* for the element of reliance. *Id.* at 307–08, 76 A.2d at 109.

Six years later the rule was again set forth without reference to reliance, citing *Nelson*. *Scott v. Leonard*, 119 Vt. 86, 99, 119 A.2d 691, 702 (1956). (Curiously, *Sabins* was also cited.) *Scott* was followed by *Sargent v. Gagne*, 121 Vt. 1, 147 A.2d 892 (1958), the only case cited by the court below, and by *Welch v. Barrows*, 125 Vt. 500, 218 A.2d 698 (1966). As in *Scott*, neither *Sargent* nor *Welch* referred to reliance as an element of abandonment.

Therefore, from 1956 to 1966, it appeared that we had embraced the majority rule. In 1968, however, there was an explicit return to the minority position. Quoting *Mason*, we emphasized the requirement of reliance and reaffirmed the holding of *Sabins*. *Massucco v. Vermont College Corp.*, 127 Vt. 254, 258, 247 A.2d 63, 65–66 (1968). *Scott* and *Sargent* were distinguished. *Id.*

Since that time, relying on *Massucco*, we have continued to apply the minority rule with its requirement of reliance. *Timney v. Worden*, 138 Vt. 444, 446, 417 A.2d 923, 925 (1980); *Russell v. Pare*, 132 Vt. 397, 406, 321 A.2d 77, 83 (1974).

This rule clearly merges the doctrine of abandonment with that of estoppel. Tiffany at § 825. Even without a requirement of reliance, the difficulty of proving intent to abandon an easement is such that its application is often impractical. *Id.* Indeed, the very impracticality of the doctrine has stirred some criticism. See, e.g., Note, 11 Colum. L. Rev. 777, 778 (1911). It therefore appears that the majority rule, adopted by the Restatement, is the wiser one.

■ Accordingly, we hold that reliance by the owner of the servient estate is not required to establish an abandonment of an easement. In doing so, we reaffirm our previous statements of the rule in *Nelson*, *Scott*, *Sargent* and *Welch*. Insofar as they

are inconsistent with our holding today, *Mason, Sabins, Massucco, Russell* and *Timney* are expressly overruled.

It follows that the trial court's application of the rule as set forth in *Sargent* was correct. The absence of reliance was not fatal to the finding of an abandonment of the easement.

## II.

Although "[w]e realize that the question whether there has been an abandonment . . . is one of fact," *Sabins v. McAllister*, 116 Vt. at 308, 76 A.2d at 110, a trial court is nonetheless required to make findings and conclusions, helpful for appellate review, which indicate to the parties and to this Court not only what was decided but how the decision was reached as well. *Harman v. Rogers*, 147 Vt. 11, 19, 510 A.2d 161, 166 (1986). The record below fails to do this.

The burden on the party claiming an abandonment of an easement is a heavy one: Such an abandonment may be established only by "acts by the owner of the dominant tenement conclusively and unequivocally manifesting either a present intent to relinquish the easement or a purpose inconsistent with its future existence." *Nelson v. Bacon*, 113 Vt. at 172, 32 A.2d at 146. On this record it is not clear whether the trial court applied this "conclusive and unequivocal" standard. Therefore, a new trial is required.

*Reversed and remanded.*