### Edward Barrett and Virginia Shields v. Ernest W. and Marion C. Kunz

[604 A.2d 1278]

No. 90-279

Present: Gibson, Dooley, Morse and Johnson, JJ.

Opinion Filed January 10, 1992

*Richard A. Cawley*, Bradford, for Plaintiffs-Appellees.

*Edwin W. Free, Jr.* of *Richard E. Davis Associates, Inc.*, Barre, for Defendants-Appellants.

**Johnson, J.** This is a dispute between adjoining landowners over the nature and extent of a right-of-way that provides access over defendants' property to plaintiffs' property.

Plaintiffs acquired a vacation home on a 104-acre parcel of land in Topsham, Vermont, from Robert Armstrong and Hollis Ewing, by warranty deed dated May 24, 1988. Plaintiffs' property is virtually inaccessible without the use of an old road that crosses defendants' parcel. The existence of the road predated plaintiffs' purchase. Predecessors in title had also used this road to reach the property, and, in fact, townspeople and others had used the road for various recreational purposes for many years. The deed conveyed to plaintiffs the 104-acre parcel and "all privileges and appurtenances thereof," but it did not specifically mention the right-of-way. Nor was the right-of-way speci-

fied by the previous grantors, Barent and Constance Stryker, in the deed to Armstrong and Ewing, although the road was in existence on the date Armstrong and Ewing acquired the parcel, with all privileges and appurtenances, in 1973.

Defendants acquired the deed to their land in 1987, also from the Strykers. Defendants' chain of title shows the existence of a right-of-way reserved by the Strykers in a deed from them to Marcus and Janet McCorison on April 8, 1952. The Strykers were farmers and used what they referred to as a "farm road" to gain access to the 104-acre parcel that plaintiffs now own. Because the farm road went across the lands being conveyed to the McCorisons, the deed specified "a right-of-way across the northwest of said buildings which served as a farm road for [the] past several years." The Strykers later repurchased the land and conveyed it to Louise Forrest in 1961, with the same reservation repeated. In 1969, the Strykers stopped farming. The Strykers again repurchased the land from Louise Forrest and then conveyed it to defendants in 1987, but without the language that had appeared in the earlier deeds to McCorison and Forrest.

In 1988, shortly after plaintiffs purchased their land, defendants constructed a barrier across the old farm road to prevent plaintiffs from using it to gain access to their land. This suit followed.

The trial court held that the easement relating to the road was not personal to the Strykers, but was intended to benefit the land, and that the use of it was general and not limited to farm purposes. It also found that the Strykers had not abandoned the easement when they stopped farming, but that the predominant use of the road had changed. Therefore, the court held the plaintiffs had an ownership interest in the right-of-way and enjoined defendants from obstructing it.

On appeal, defendants raise two claims—that the trial court erred by concluding that a right-of-way reserved by the original owners of the property was appurtenant, and not personal to them; and that the court's finding that the right-of-way was reserved for general use was unsupported by the evidence and unlawfully imposed an increased burden on defendants' property. We reject these claims and affirm.

18

## I.

The thrust of defendants' first argument is that no specific language in plaintiffs' deed gives them a right-of-way across defendants' land, and that the language mentioning a right-of-way in defendants' chain of title created a personal easement that was not conveyed as an appurtenance to plaintiffs' parcel.

■■ Appurtenant easements serve a parcel of land, rather than a particular person. R. Cunningham, W. Stoebuck & D. Whitman, The Law of Property § 8.2, at 440 (1984). The land benefited by the easement is known as the dominant tenement, and the land burdened by it is the servient tenement. *Id.* Although the owner of an appurtenant easement may be said to benefit personally by its use, the benefit lasts only as long as the owner owns the land, and when conveyed, it passes to a new owner. *Scott v. Leonard*, 119 Vt. 86, 98, 119 A.2d 691, 698 (1956); *Nelson v. Bacon*, 113 Vt. 161, 169, 32 A.2d 140, 145 (1943). Thus, an appurtenant easement passes with subsequent conveyances, even if the specific language of the right-of-way is not repeated. *Russell v. Pare*, 132 Vt. 397, 407, 321 A.2d 77, 84 (1974), *overruled, in part, on other grounds, LaGue, Inc. v. Royea*, 152 Vt. 499, 502–03, 568 A.2d 357, 359 (1989); *Sabins v. McAllister*, 116 Vt. 302, 306, 76 A.2d 106, 108 (1950), *overruled, in part, on other grounds, Lague, Inc. v. Royea*, 152 Vt. at 502–03, 568 A.2d at 359.

■■ By contrast, personal easements, or easements in gross, are intended to benefit only the holder. Usually, they are created for a limited purpose and a limited duration. Because a personal easement exists apart from a holder's ownership of land, there is no dominant tenement, and the easement expires when the property is conveyed unless specifically reserved. R. Cunningham, W. Stoebuck & D. Whitman, *supra*, at 440. Personal easements are typically those held by utility companies, which give them access to land to erect poles and lines, but they hold no dominant estate. *Id.*

■ The character of an easement depends on the intent of the parties, as drawn from the language of the deed, the circumstances existing at the time of execution, and the object and purpose to be accomplished by the easement. *Griffith v.*

*Nielsen*, 141 Vt. 423, 428, 449 A.2d 965, 968 (1982) (right-of-way reserved by grantor, her heirs and assigns, was passed on to subsequent grantees); *Hunsdon v. Farrar*, 128 Vt. 410, 415–16, 264 A.2d 809, 813 (1970) (circumstances surrounding right-of-way reserved by deed established appurtenant easement); *Sabins*, 116 Vt. at 305, 76 A.2d at 108 (right to use driveway established by deed of common grantor was a benefit to the land, not a specific grantor).

In the instant case, the question depends on the character of the easement in defendants' chain of title, first reserved by the Strykers in the deeds to the McCorisons in 1952, and to Louise Forrest in 1961, while the Strykers still owned the 104-acre parcel now owned by plaintiffs. Both deeds specified "a right-of-way across the northwest of said buildings which served as a farm road for [the] past several years."

Although the language of the deed is somewhat ambiguous, in that "farm road" may be interpreted as words of description or words of limitation, the circumstances surrounding the use of the road lead to the conclusion that the use was not limited. The right-of-way was used for access to the 104-acre parcel for agricultural purposes and logging by the Strykers, and, at all material times, for recreational purposes by the general public. Although the Strykers ceased farming in 1969, the public continued to use the road for hiking, snowmobiling, skiing, hunting and horseback riding. The trial court found that it was known in the community that the public was permitted to use the road.

In view of the surrounding circumstances, it is apparent that the right-of-way was intended to benefit the land, by allowing the owners and the public to make use of it for a variety of purposes. It benefited the Strykers only as long as they owned the dominant estate. When their ownership ceased, they had no personal interest in the right-of-way that was separate and distinct from their ownership of the 104-acre parcel. Thus, when the Strykers conveyed the land to Armstrong and Ewing in 1973, the right-of-way was conveyed by the deed. *Russell*, 132 Vt. at 407, 321 A.2d at 84; see also *Crabbe v. Veve Assocs.*, 150 Vt. 53, 57, 549 A.2d 1045, 1048 (1988) (rule regarding extinguishment by cessation of purpose should be applied only if easement is qualified by express limitations in deed).

Defendants also contend that the right-of-way was abandoned by the Strykers when they stopped farming, and, therefore, nonuse extinguished it prior to the conveyance to Armstrong and Ewing. In *LaGue*, 152 Vt. at 503, 568 A.2d at 359, we held that the burden on a party claiming abandonment of an easement is a heavy one. "Such an abandonment may be established only by 'acts by the owner of the dominant tenement conclusively and unequivocally manifesting either a present intent to relinquish the easement or a purpose inconsistent with its future existence.'" *Id.* (quoting *Nelson*, 113 Vt. at 172, 32 A.2d at 146). Here, the trial court found there were no acts by the Strykers indicating their intent to abandon the easement. When they ceased farming, the predominant use of the easement changed from agricultural to recreational, but this did not manifest any purpose inconsistent with the future existence of the easement. Rather, it confirmed its purpose.

Finally, defendants claim that the right-of-way was a "reservation" without words of inheritance, which could not pass to subsequent grantees. Because the easement had been in existence for many years at the time it was specifically mentioned in the deed to defendants' immediate predecessor in title, Louise Forrest, it was an "exception," rather than a reservation, and did not require any formal words of inheritance for conveyance. *Sheldon Slate Products Co. v. Kurjiaka*, 124 Vt. 261, 266–67, 204 A.2d 99, 103 (1964).

## II.

■■ In view of our holding on the nature of the right-of-way, and our discussion of its general use, defendants' argument that the trial court impermissibly burdened the servient estate by expanding the use of the easement from farm purposes to general purposes requires little discussion. The trial court's findings on the history of use of the right-of-way by the public are well supported by the record, and are not clearly erroneous. V.R.C.P. 52(a); *Harte v. Town of Bennington*, 153 Vt. 256, 259, 571 A.2d 53, 54 (1989). The trial court did not recognize any use that went beyond the evidence, and the servient estate was not impermissibly burdened.

*Affirmed.*