## John H. Hunsdon v. Donald Farrar and Helen Farrar

[264 A.2d 809]

No. 9-69

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed April 7, 1970

*Parker & Richards,* Springfield, for Plaintiff.

*Parker & Hudson,* Springfield, for Defendants.

**Shangraw, J.** This is a suit in equity returnable to the Court of Chancery, Windsor County. The plaintiff seeks the unobstructed use of a right-of-way which bisects land of the de-

fendants. Following a hearing held by the Chancellor on March 20, 1969 findings of fact were filed, and a decree and supplemental decrees were issued. Plaintiff has appealed to this Court for review.

On April 22, 1960, the plaintiff, and his wife, now deceased, conveyed by warranty deed, recorded in Vol. 39, page 305 of the Chester Land Records, the following land.

> "Being a part of the premises conveyed to John H. Hunsdon and Margaret Hunsdon by Warranty Deed of Marcellus S. Brewer dated September 11, 1923 and recorded in Book 30, Page 544 of the Chester Land Records. The part herein conveyed being the tillage land located on the East side of the highway and is bounded on the North by Donald Farrar, on the East by John Hunsdon and Raymond Farrar, on the South by Herman Briggs and on the West by the highway. Said conveyance is estimated to contain thirty-five (35) acres, more or less, and includes herewith the sugar house located thereon and its equipment."

The deed continues by stating the following, which is the subject matter of this controversy.

> "The Grantors except and reserve unto themselves and their heirs a right of way through the lane between the 'Upper Mowing' and the 'Sugar House Lot' leading to other lands of the Grantors."

The deed recites that the premises are "FREE FROM EVERY ENCUMBRANCE:"

The property conveyed is located on the easterly side of a highway. The lane is approximately four hundred (400) feet in length, fourteen (14) to sixteen (16) feet in width, and runs easterly from the highway to the 75 acre woodlot of the plaintiff. The westerly line of the woodlot adjoins the easterly line of the premises conveyed by the plaintiff and his wife to the defendants by the deed dated April 22, 1960.

The lane is bordered on the north and south by two stonewalls. The land located northerly thereof is referred to as "upper mowing". The so-called "sugar house lot" is located southerly of the stone wall which runs parallel with the south line of the lane.

Plaintiff retained ownership of certain real estate located on the westerly side of the highway.

At the time of the above conveyance, there was a gate, barway or barrier, at the west end of the land. This had been continuously maintained commencing in 1936. Since said conveyance the defendants have replaced it by a swinging gate. The last replacement was in 1968. During 1968, the defendants locked the swinging gate for a period of five days. At no other time has the gate been locked.

Prior to 1958, there was no barway at the east end of the land. On April 15, 1958, the plaintiff and his wife, and the defendants, entered into a contract of sale which resulted in the conveyance of the property to the defendants. At that time the plaintiff requested the defendants to erect a barway on the east end of the lane in order to keep the defendant's cattle from going in the woodlot. A barway has existed continuously since that time.

The lane has been used by the plaintiff for access to his woodlot. It was marked by stonewalls with two barways leading to the adjoining fields of the defendants, one on the north and one on the south. There also was an unlocked gate at the west end of the land, and a barway at the easterly end thereof.

Since the conveyance, the defendants have removed some of the rocks from the southerly boundary stonewall of the lane, and have also made a hole in this southerly stonewall at the west end of the lane.

Prior to the conveyance, the adjoining land to the lane had mainly been used for cropland, although in the fall of each year, cattle, at times, have been turned out therein after the crops were harvested.

The foregoing are, in substance, the undisputed facts as found by the Chancellor. In addition thereto, the Chancellor found the following:

> "12. That the lane as above described and in the condition as existed at the time of said conveyance was withheld from the grant to the petitionees and was retained by the petitioner pursuant to the deed aforesaid;
>
> 13. That the petitioner retained said lane, or right-of-way, in fee."

On April 29, 1969 the Chancellor issued a decree, which decree, as finally amended on June 4, 1969 reads:

"1. That the petitionees are hereby ordered to replace the stonewall on the boundary line to the south of the lane herein involved, which said petitionees had previously removed;

2. And further the petitionees are ordered to fence or erect a stonewall in said southerly boundary stonewall at the west end of said lane where said petitionees made an entrance subsequent to the conveyance of the adjoining land to said petitionees;

3. It is further ordered that the petitionees may maintain fences or barways at the west end of said lane and at the east end thereof, as well as barways to the entrance of the sugar house lot, so-called, and upper mowing, so-called;

4. The petitioner and petitionees are restrained and enjoined from interfering with the maintenance of said barways as necessary and specifically from locking the same.

5. It is further ordered that the lane which is the subject of this complaint was excepted from the conveyance of the adjoining land which the petitioner conveyed to the petitionees, and hence said petitioner reserved the right to convey said right-of-way to any third parties."

The plaintiff challenges paragraphs 3 and 4 of the decree as amended. It is his contention that the restrictions contained therein are not supported by the findings of fact. In so doing, he specifically refers to that portion of the deed, which we have hereinbefore quoted, wherein "The grantors except and reserve unto themselves and their heirs a right of way through the lane * * *."

In the plaintiff's bill of complaint it is alleged that "* * * the right-of-way over and along the lane, so reserved, calls for an unobstructed right of passage from the highway to the woodlot and from the woodlot to the highway." In his prayer for relief, he, in part, sought an order "* * * requiring the Defendants to remove any gate or other barrier or obstruction from the right-of-way reserved by the plaintiff * * *."

He also sought an order "restraining and enjoining the Defendants, their heirs, executor, administrators and assigns, from erecting or maintaining any obstruction or barrier which will prevent or interfere with a free and open passage over and along said right-of-way."

At no place in the plaintiff's pleadings has he alleged ownership or the right of the exclusive use and control of the land heretofore used as a lane. He merely sought open passage over and along the lane to and from his woodlot. To this end, at least, by implication we assume that he recognized the defendants had some rights therein.

By finding 12 the Chancellor determined that the lane was withheld from the grant to the defendants and was retained by the plaintiff. The Chancellor further determined by finding 13 that plaintiff retained the lane, or right-of-way, in fee. By paragraph 5 of the decree it was adjudged that the lane was excepted from the conveyance of the adjoining land which was conveyed to the defendants. With the foregoing in mind, it is claimed by the plaintiff that there is no basis of fact or law justifying the restrictions and conditions contained in paragraphs 3 and 4 of the decree relating to fences and barways.

A right-of-way is generally defined as a right of passage over another person's land. The controversal rights of the plaintiff are referred to in the deed as a "right of way". The property conveyed to the defendants was bounded and described as one parcel of land containing an estimated acreage of 35 acres,—not two separate parcels. The existing lane, as described and bounded by two stonewalls, defined the boundaries of the right-of-way. The deed refers to its location as "through the lane".

■ Plaintiff's notice of appeal from the decree brings the whole case, including all questions litigated in the court below which affect the final judgment, if they are briefed, to this Court for review. *Krupp* v. *Krupp*, 126 Vt. 511, 513, 236 A.2d 653; *Century Indemnity Co.* v. *Mead*, 121 Vt. 434, 436, 159 A.2d 325.

It is clearly apparent that the parties intended that the grantors should continue to use the passageway as an easement for the benefit of the woodlot, which the grantors retained at the eastern end of the land, as had been the custom

for about 14 years prior to the date of the conveyance to the defendants.

■ This right-of-way established an easement across the land lying between the parallel stonewalls as an appurtenant to the woodlot which the grantors retained, and which was subject to grant or devise with and for the benefit of the land to which it appertained. *Dee* v. *King,* 77 Vt. 230, 239, 240, 59 Atl. 839.

■ The intention of the parties, not the language used, is the dominating factor, and the circumstances existing at the time of the execution of the deed, the situation of the parties and the subject matter are to be considered. *Nelson* v. *Bacon,* 113 Vt. 161, 169, 32 A.2d 140. The object and purpose sought to be accomplished may also be considered. *Vermont Kaolin Corporation* v. *Lyons,* 101 Vt. 367, 376, 143 Atl. 639. 25 Am.Jur.2d, Easements and Licenses, section 23.

■ Finding 12 that the lane was withheld from the grant to the defendants, and finding 13 that the plaintiff retained the lane, in fee, are not supported by the evidence.

Paragraphs 1 and 2 of the decree orders the defendants to fence or replace and erect specified portions of the stonewalls. No objection having been made by either of the parties to the foregoing requirements, they are to remain undisturbed.

Paragraph 3 requires that the defendants maintain fences or barways in designated places. By paragraph 4, plaintiff and the defendants are restrained from interfering with the maintenance of the barways, and specifically from locking the same. These two paragraphs reflect a practical approach to the problems incident to the use of the granted premises by the defendants, and also the plaintiff's use of the right-of-way. They are affirmed.

In our consideration of the recited facts, and for reasons set forth in this opinion, paragraph 5 of the decree which excepts the lane from the conveyance to the defendants must be reversed.

■ Paragraph 5 of the decree, also, in part, provides that the grantors reserved the right to convey the right-of-way to any third parties. The definitive right-of-way was re-

served by the grantors as incident to the use and enjoyment of the 75 acre wood lot retained by them and may be conveyed or transferred as an appurtenance thereof. For the sake of precision, this portion of the decree should also be reversed and a new paragraph substituted consistent with the foregoing and subject to above limitations.

*Paragraphs 1, 2, 3 and 4 of the decree are affirmed. Paragraph 5 thereof is reversed. Cause remanded for a new decree in accordance with the views expressed in this opinion.*