Shaclumis v. McCarty, No. 358-8-13 Wmcv (Wesley, J. Apr. 17, 2014).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT

SUPERIOR COURT                                                    CIVIL DIVISION
Windham Unit                                              Docket No. 358-8-13 Wmcv

| Gwendolyn Shaclumis vs. William McCarty, Jr. |
|----------------------------------------------|

## ENTRY REGARDING MOTION

Count 1, Declaratory Judgment (358-8-13 Wmcv)

Title:          Motion for Summary Judgment (Motion 4)
Filer:          Gwendolyn W. Shaclumis
Attorney:       Pro Se
Filed Date:     January 2, 2014

Response filed on 01/31/2014 by William M. McCarty, Defendant
Title:          Motion to Dismiss and for Summary Judgment (Motion 5)

Response filed on 02/04/2014 by Gwendolyn W. Shaclumis, Plaintiff

**Each motion is DENIED.**

### OPINION & ORDER
### DENYING CROSS-MOTIONS FOR SUMMARY JUDGMENT

On August 2, 2013, the Plaintiff brought this action, seeking declaratory judgment regarding the respective rights of the parties in a garage associated with the property at 16 Forest Street, Brattleboro ("the property"). On January 2, 2014, Plaintiff filed a motion for summary judgment. On the same date, Defendant filed a motion to dismiss and a cross-motion for summary judgment. On January 31, 2014, Defendant filed a reply to Plaintiff's summary judgment motion. On February 4, 2014, Plaintiff filed her opposition to Defendant's motion to dismiss and for summary judgment.

Both Plaintiff and Defendant are representing themselves in this matter.

**Discussion**

The summary judgment record reveals the following:

In 2005, Defendant sold Plaintiff the property at 16 Forest Street. As part of the purchase and sale agreement, the parties included a provision at paragraph twenty, which provided, in full:

In addition to the above, it is agreed that the premises have, adjacent to it, a two-story, one car garage, situated on Upper Forest Street. SELLERS may

continue to have exclusive use of the garage, with reasonable access to the area immediately surrounding the garage for no consideration. SELLERS shall be entitled to use the garage premises as his own, so long as the SELLER, William M. McCarty, or his spouse, Carlene C. McCarty is the owner of their home place situated at 43 Chestnut Hill in Brattleboro. SELLER, while utilizing and using said garage, shall be responsible for the maintenance of the garage property and shall keep it in reasonable repair. If SELLER and/or Carlene McCarty is still using said garage premises, and BUYER herein sells 16 Forest Street, then the licensees McCarty shall pay to the new buyers (BUYER'S herein successors) a payment of Five Dollars ($5.00) per month for the electric hookup that now serves the property. However, SELLER will not be responsible, during the use of this license to pay any electric use to BUYER herein."

This provision was not included in the warranty deed by which Defendant conveyed the property to Plaintiff, nor was it ever recorded in the Brattleboro land records.

Subsequent to the sale, Defendant used the garage in the manner described in paragraph twenty of the purchase and sale agreement. That arrangement continued until the filing of this suit. On or about October 15, 2012, after learning the Plaintiff had listed the property for sale, Defendant notified Plaintiff that he anticipated his use of the garage would continue beyond her then-intended sale of the property. In support, Defendant cited the language of paragraph twenty. Plaintiff responded with this action, seeking a declaration that Defendant's interest in the garage is a mere license and freely revocable at any time, and that she has properly revoked such license.

In support of her argument, Plaintiff notes the language employed in paragraph twenty, including the use of the terms "license" and "licensee." Plaintiff argues then that the plain language of the contract resolves the question, as it embodies the parties' intent. Defendant counters that there is a clear intent for the privilege he enjoys to run with the land, based on the language of paragraph twenty taken in total.

The document at the heart of the dispute is ambiguous. Thus, the parties' intent in entering upon the agreement reflected by the document is a disputed matter of material fact, and this is not a case in which summary judgment is appropriate.[1] See *Madowitz v. Woods at Killington Owners' Ass'n*, 2010 VT 37, ¶ 9, 188 Vt. 197, quoting *Bacon v. Lascelles*, 165 Vt. 214, 218 (1996) ("summary judgment is appropriate only when the record clearly shows that there is no genuine issue of material fact").

The language of paragraph twenty is inherently contradictory. It uses the terms "license" and "licensee", which Plaintiff argues denote rights which are revocable. See, *State v. Kreth,* 150 Vt. 406 (1988); see, also, Black's Law Dictionary 830 (5th Ed, 1979). However, the agreement also clearly contemplates Defendant's rights to use the garage extending beyond Plaintiff's ownership, expressed in terms more typical of an easement. See *Prue v. Royer*, 2013 VT 12, ¶ 20, 193 Vt. 267 ("[T]he ambiguity in this contract begins with the multiple titles on the top of the instrument …. No matter which of the titles could be said to be more authoritative,

---

[1] The Court notes that Defendant both argues that there are disputes of material fact that defeat summary judgment and argues for summary judgment in his favor. However, the dispute over what was intended by the parties makes summary judgment inappropriate as to either party's claims.

the title of an instrument is not necessarily determinative … So, we must look beyond the title to the terms of the agreement to determine the intent of the parties"). See also *Hunsdon v. Farrar*, 128 Vt. 410, 414 (1970) ("The intention of the parties, not the language used, is the dominating factor, and the circumstances existing at the time of the execution of the deed, the situation of the parties and the subject matter are to be considered").

Yet, resort solely to the language of the agreement yields no clarity as to the parties' intentions. For example, Defendant's insistence that the language clearly expresses an agreement to create a binding and enforceable easement that runs with the land is not only at odds with the use of the words "license" and "licensee" to refer to the rights described. Rather, that construction is also contradicted by the tacit agreement that the rights denominated as a license would not be included in the deed, nor recorded in the land records. But see, 27 V.S.A. § 341.[2]

As a result, there is conflicting evidence as to the parties' intent in affording use of the garage to Defendant, and the Court cannot, on summary judgment, determine what rights were intended. Cf. *Fassler v. Okemo Mountain, Inc.*, 148 Vt. 538, 540 (1987). While the Court's mandate is to effectuate the parties' intent, *Prue*, ¶ 18, it cannot do so without considering further evidence where that intent is unclear from the language of the agreement, and the circumstances surrounding its making. In particular, each party's expectations as expressed by his and her testimony as trial may be critical to a determination of the interpretation of paragraph twenty.

Since a trial will be necessary, absent some other resolution fashioned by the parties, the Court is constrained to take note of legal issues which were not explicitly addressed in the summary judgment pleadings, but which may play a role in the Court's analysis after consideration of all the evidence. For example, the Court will likely have to resolve whether the agreement embodied in paragraph twenty survived the execution of the deed regarding the property. In general, agreements regarding a property are extinguished by the execution of a deed under the doctrine of merger by deed. *Vt. Marble Co. v. Eastman*, 91 Vt. 425 (1917) (quoting *Slocum v. Bracy*, 56 N.W. 826 (Minn.) ("[W]here a deed has been executed and accepted as performance of an executory contract to convey real estate, the contract is functus officio, and the rights of the parties rest thereafter solely on the deed"). However, "[t]he doctrine of merger by deed does not bar the enforcement of ... independent or collateral undertakings simply because they are expressed in a writing containing terms of sale which merge into the deed." *Wyatt v. Palmer*, 165 Vt. 600, 601-02 (1996) (quoting *Worthey v. Holmes*, 287 S.E.2d 9, 10 (Ga. 1982)). Collateral provisions are provisions that do not alter or impair the use of the deed. See *Murphy v. Stowe Club Highlands*, 171 Vt. 144, 151 (2000). The question then becomes whether the agreement is collateral or part of the function of the deed. Based on the current record, and the absence of any analysis by the parties in the summary judgment proceedings, the Court must reserve this determination for trial.

Even if the purchase-and-sale agreement afforded Defendant rights that survived the execution of the deed, it cannot be determined based upon the record whether Defendant's

---

[2] "Deeds and other conveyance of lands, or of an estate or interest therein, shall be signed by the party granting the same and acknowledged by the grantor before a town clerk, notary public, master, county clerk, or judge or register of probate and recorded at length in the clerk's office of the town in which such lands lie." *Id.* See, also, 27 V.S.A. § 342 making conveyances in fee, or for life, or consisting of a lease for longer than one year ineffective against subsequent purchasers unless acknowledged and recorded with the formalities required of deeds.

rights are revocable by Plaintiff or whether they are enforceable against a subsequent purchaser. Whether the use of the garage which Defendant has enjoyed is freely revocable will depend at least in part upon the nature of the interest he has enjoyed. Compare *Hunsdon*, 128 Vt. at 415 ("easement across the land lying between the parallel stonewalls as an appurtenant to the woodlot which the grantors retained … was subject to grant or devise with and for the benefit of the land to which it appertained") and *Carbonneau v. Lague, Inc.*, 134 Vt. 175, 176–177 (1976) (licenses exist in revocable and irrevocable forms). This is a question which, as discussed above, requires further exposition.

Finally, there are concerns regarding the ripeness of the Plaintiff's request for a declaration as to the enforceability against subsequent purchasers of the parties' agreement about the use of the garage. While clearly there is a case or controversy regarding the present revocability of whatever privilege Defendant has enjoyed regarding the garage, the status of the question regarding Defendant's rights against a future owner is less clear.

> Vermont has adopted the case-or-controversy requirement of the federal courts, and this requirement 'incorporates the doctrines of standing, mootness, ripeness, and political question.'… In a declaratory judgment action, "[t]he availability of declaratory relief turns on whether the plaintiff is suffering the threat of actual injury to a protected legal interest."… The case-or-controversy requirement does not disappear because of the case's declaratory nature….

*Dernier v. Mortgage Network, Inc.,* 2013 VT 96, ¶ 38 (citations omitted). While Plaintiff has listed the property for sale, the circumstances surrounding any such sale remain speculative at present.

Depending on the resolution of the question of whether the Defendant's use of the garage may be terminated at the present time, the ripeness issue may or may not arise. However, the parties are encouraged to supply additional briefing as to the existence of a present case or controversy, as distinguished from a request for an advisory opinion.

**WHEREFORE,** it is hereby **ORDERED** : Plaintiff's motion for summary judgment, and Defendant's Motion to Dismiss or for Summary Judgment are **DENIED.** The case will be scheduled for a ½ day trial as soon as the docket allows.

Electronically signed on April 16, 2014 at 04:58 PM pursuant to V.R.E.F. 7(d).

_____
John P. Wesley
Superior Court Judge

<u>Notifications</u>:
Plaintiff Gwendolyn W. Shaclumis
Defendant William M. McCarty